[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-16656
Non-Argument Calendar

_____

D. C. Docket No. 99-02516-CV-T-25B

BETH B. PONTENBERG,

Plaintiff-Appellee,

versus

BOSTON SCIENTIFIC
CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 30, 2001)**

Before ANDERSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant Boston Scientific Corporation ("Boston Scientific") appeals the

district court's order permitting the plaintiff Beth Pontenberg to dismiss voluntarily

her product liability action. Boston Scientific contends that the district court abused its discretion in dismissing the complaint without prejudice because discovery had expired and Boston Scientific had filed a motion for summary judgment. After review, we affirm.

## I. FACTUAL BACKGROUND

On September 27, 1999, Beth Pontenberg filed this product liability action against Boston Scientific in a Florida state court. Boston Scientific is the manufacturer of a implanted medical device, called a ProteGen sling, which is designed to treat female urinary incontinence. This medical device was surgically implanted in Pontenberg and, according to Pontenberg, subsequently caused an infection to develop. Pontenberg alleged that Boston Scientific negligently designed and manufactured the device, breached its implied warranty of fitness, and was strictly liable.

Boston Scientific removed the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. On March 15, 2000, the district court entered a case management and scheduling order, which required the parties to make Rule 26 expert witness disclosures simultaneously on September 1, 2000. The district court also designated October 2, 2000 as the expiration of the discovery period, imposed a deadline of November 2, 2000 for filing dispositive motions, and set a trial date

of April 30, 2001. On September 1, 2000, Boston Scientific delivered to Pontenberg an expert witness disclosure that fully complied with Rule 26. Pontenberg's expert witness disclosure, on the other hand, was inadequate.

Consequently, on September 13, 2000, Boston Scientific moved to strike Pontenberg's expert witnesses. The district court held a hearing on the motion to strike on October 19, 2000, after which it granted the motion and struck Pontenberg's experts. On November 2, 2000, Boston Scientific moved for summary judgment, arguing that, since Pontenberg's expert witnesses had been struck, she could not establish her prima facie case.

Pontenberg did not respond to the motion. Instead, on November 27, 2000, she filed a notice of voluntary dismissal without prejudice. Over Boston Scientific's objection, the district court entered an order permitting Pontenberg to dismiss her action without prejudice and denying as moot Boston Scientific's summary judgment motion. Boston Scientific appealed.

## II. DISCUSSION

On appeal, Boston Scientific argues that the district court abused its discretion when it concluded that Boston Scientific had failed to demonstrate clear legal prejudice and dismissed Pontenberg's action under Federal Rule of Civil Procedure 41(a)(2). Rule 41governs the ability of a plaintiff to dismiss an action

voluntarily and without prejudice. Rule 41(a)(1) permits a plaintiff to dismiss voluntarily an action without prejudice <u>without</u> first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary judgment, whichever occurs first. Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Such a voluntary dismissal upon order of the court is also deemed without prejudice unless otherwise specified by the court.

The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). <u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, <u>other then the mere prospect of a subsequent lawsuit</u>, as a result." <u>Id</u>. at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." <u>Durham v. Florida East Coast Ry. Co.</u>, 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." <u>McCants</u>, 781 F.2d at 857. Accordingly, we review a

4

district court's decision to allow a voluntary dismissal without prejudice under Rule 41(a)(2) only for an abuse of discretion. Id.

Pontenberg sought to dismiss her action against Boston Scientific after the discovery period had expired and after her expert reports had been excluded from the record as a result of her attorney's failure to timely comply with the expert disclosure requirements of Rule 26. Boston Scientific objected to a voluntary dismissal without prejudice. Boston Scientific claimed that a dismissal without prejudice was inappropriate at this juncture in the litigation because it had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion. Additionally, Boston Scientific argued that dismissal without prejudice was improper because Pontenberg had failed to diligently prosecute the action.[1]

The district court found that Boston Scientific had failed to identify "clear legal prejudice" and granted Pontenberg's request. Although the district court found dismissal appropriate, it ordered that the court "should assess costs against

---

[1] Boston Scientific also argued that the district court should deem Pontenberg's notice of dismissal defective because she had failed to file a motion requesting that the court enter an order of dismissal as required by Rule 41(a)(2). The district court did not directly address this argument in its order, but treated Pontenberg's notice of dismissal as a motion. Boston Scientific does not raise this argument on appeal. We note, however, that a district court need not await a motion from a plaintiff to permit voluntary dismissal and may act sua sponte to dismiss under Rule 41(a)(2). See Kotzen v. Levine, 678 F.2d 140, 140 n.3 (11th Cir. 1982).

5

Plaintiff pursuant to Fed. R. Civ. P. 41(d)" if Pontenberg re-files her action against Boston Scientific.[2]

We find that the district court did not abuse its broad discretion in allowing Pontenberg to dismiss voluntarily her action against Boston Scientific without prejudice under Rule 42(a)(2). Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss. See Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).

In Durham v. Florida East Coast Railway Co., the plaintiff filed suit under the Federal Employers' Liability Act alleging that the railroad he worked for had been contributorily negligent by failing to provide a safe workplace. When the case was called for trial, however, the plaintiff made an oral motion for leave to amend his complaint to include a claim under the Federal Safety Appliance Act, which permitted recovery without regard to contributory negligence. The plaintiff contended that he had discovered new evidence to support the additional claim. Id. at 367. The district court denied the motion, finding that the evidence was not new

_____

[2] Rule 41(d) authorizes the district court to require the plaintiff to pay the defendant's costs of the dismissed action upon refiling the action.

6

evidence but information provided by the plaintiff. Following this ruling, counsel for the plaintiff announced that he could not proceed with trial, and the district court dismissed the action with prejudice.

Our predecessor circuit reversed, holding that the district court had abused its discretion in dismissing the complaint with prejudice. The court recognized that the plaintiff's counsel may have been negligent in failing to discover the evidence sooner, but found it significant that there was no evidence of bad faith on the part of the plaintiff's counsel. Id. at 368; see also McCants v. Ford Motor Company, 781 F.2d 855, 858 (11th Cir. 1986) (discussing Durham and finding no evidence that plaintiff's counsel had acted in bad faith). The court therefore declined to "visit the sins of the lawyer upon his client," and stated that it considered the counsel's negligence "insufficient to justify dismissal of the complaint with prejudice." Id. at 367, 368. The court concluded that the "record does not disclose any prejudice to the defendant, had a voluntary dismissal been granted, other then the annoyance of a second litigation upon the same subject matter." Id. at 369. The Court remanded the action for further proceedings, noting that "[o]n proper motion the complaint may be dismissed without prejudice upon such terms and conditions as the court deems proper." Id.

Boston Scientific attempts to distinguish Durham by arguing that, unlike in the record in Durham, the record here indicates that Pontenberg's counsel acted in bad faith. In support of bad faith, Boston Scientific emphasizes that Pontenberg failed to conduct any timely discovery, failed to disclose properly expert witnesses, and sought voluntary dismissal only after Boston Scientific had moved for summary judgment and she had failed to respond to the summary judgment motion. Contrary to this argument, the district court found that Pontenberg's counsel had not acted in bad faith in failing to make adequate disclosure.[3] Indeed,

[3] Pursuant to the district court's scheduling order, the parties were required to disclose expert witnesses simultaneously on September 1, 2000. On that date, Boston Scientific served Pontenberg's counsel with the names of five expert witnesses and their written reports. Pontenberg's counsel, however, provided only a list of four experts, as well as two additional experts not yet identified, and two resumes. She did not include expert witness reports as required by Rule 26 and stated in the disclosure that she would supplement upon receipt of the reports from the expert and after receiving and reviewing documents from Boston Scientific in response to discovery requests. On September 13, 2000, Boston Scientific filed a motion to strike Pontenberg's experts. In response Pontenberg filed a motion to enlarge the time to supplement her expert disclosure and to complete discovery, which was due to expire on October 2, 2000.

The district court held a hearing on October 19, 2000 to address these motions. At the hearing, Pontenberg's counsel acknowledged that her expert witness disclosure had been inadequate under Rule 26. By way of explanation, Pontenberg's counsel first stated that both she and her client were having difficulty financially affording expert witnesses. Specifically, counsel informed the court that she had only just completed an evaluation of whether the physicians who performed the surgery on Pontenberg should be joined as parties and sued for medical malpractice, which left little resources for retaining experts in the products liability component of her case. In this regard, Pontenberg's counsel stated that she had been in communication with another attorney in Tampa who was preparing a class action suit against Boston Scientific and that this attorney was going to be adding Pontenberg's case to this action to help defray expenses and get the litigation moving. Counsel also admitted that she had been involved in a race for office in the state legislature and that, at the time the disclosures were being prepared, she had improperly "turned it over to [her] associates," and had not properly attended to the case.

8

it is clear from the transcript of the hearing on Boston Scientific's motion to strike

that the district court attributed Pontenberg's noncompliance with Rule 26 to her

attorney's inattention rather than by design.  The record in the district court

supports this finding.

Furthermore, Boston Scientific's assertion of clear legal prejudice lacks

merit. We decline to adopt a per se rule that the pendency of a summary judgment

motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal

without prejudice.  Rule 41(a) expressly contemplates situations in which the

district court may, in its discretion, dismiss an action without prejudice even after

---

The district court then granted Boston Scientific's motion to strike.  However, in doing so, the court declined to find that Pontenberg's counsel had been dilatory or acted in bad faith, as follows:

> It's not our view, and it's not suggested, and I do not conlude that [counsel's failure to make adequate Rule 26 disclosure ] is a tactical decision on plaintiff's side.  I don't think that's why we're here.  We're here because of inaction.

The district court also advised counsel that she could either file written motions seeking to extend deadlines and to supplement her Rule 26 disclosures or she could dismiss voluntarily and refile the action, as follows:

> I am familiar with the standards for striking witnesses, but we are beyond that point.  It seems to me that the plaintiff has two choices.  Plaintiff can take a voluntary dismissal, refile this action and do it the way it's supposed to be done, or the plaintiff can file appropriate written motions with candid straightforward statements justifying continuance of [sic] extensions of deadlines and request to supplement witnesses.

After the district court ruled on this motion, Pontenberg's counsel indicated that she might choose to dismiss the case.

9

the defendant has moved for summary judgment. Indeed, a voluntary dismissal by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered. The rule also allows the court to prevent prejudice to the defendant in such cases by attaching conditions to the dismissal. In addition, it is clear under McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986), that the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice.[4]

Boston Scientific acknowledges that the mere pendency of a summary judgment motion, by itself, does not constitutes legal prejudice sufficient to support a denial of a Rule 41(a)(2) voluntary dismissal without prejudice. Instead, Boston Scientific relies upon a number of other factors to defeat the voluntary dismissal without prejudice in this case. As support, Boston Scientific cites Pace v.

---

[4] In McCants, the plaintiff wished to dismiss her diversity product liability action filed in Alabama because she believed that her complaint would be subject to Alabama's general one-year statute of limitations and, therefore, defendants' already-filed motion for summary judgment would be granted. The plaintiff wished to refile her suit in Mississippi, where she believed she would not be time-barred. The district court granted the plaintiff's Rule 41(a)(2) motion and dismissed the action without prejudice. McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986). Relying in part upon Durham, this court concluded that the dismissal without prejudice was not an abuse of discretion, but remanded for further consideration of the whether costs or conditions should be imposed. Id. at 859-60 (rejecting the defendant's argument that the "great costs it has incurred in defending this suit so far" consitutes plain legal prejudice given that this "practical prejudice" can "be alleviated by the imposition of costs or other conditions upon the dismissal without prejudice").

10

Southern Express Co., 409 F.2d 331 (7th Cir. 1969), which lists various factors to be considered by courts in examining a plaintiff's Rule 41(a)(2) motion to dismiss. The Pace factors include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Id. at 334.  However, this circuit has never specifically addressed or adopted the Pace factors.[5]  Under our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending.  See Durham, 385 F.2d at 368; McCants, 781 F.2d at 858.[6]

---

[5] Furthermore, we note that, since Pace, the Seventh Circuit has clarified that "the enumeration of factors to be considered in Pace is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate.  It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.  Further, the very concept of discretion presupposes a zone of choice within which the trial court may go either way in granting or denying the motion." Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 474 (7th Cir. 1988) (internal quotations, citations, and alterations omitted).

[6] Boston Scientific also argues that Doe v. Urohealth Systems, Inc., 216 F.3d 157 (7th Cir. 2000)  is a factually similar case providing persuasive authority on the issue of whether granting a voluntary dismissal without prejudice despite the presence of an unopposed summary judgment motion would constitute an abuse of discretion.  In Doe, the plaintiff brought a products liability action and then engaged in abusive and dilatory discovery tactics that resulted in several strongly worded protective orders.  After the defendant filed a summary judgment motion and a motion to strike the plaintiff's expert witness, the plaintiff filed a second action in state court and then moved for a Rule 42(a)(2) dismissal of the federal court action.  The district court dismissed the action without prejudice. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 159-60 (7th Cir. 2000).

11

In this case, the district court rejected outright any notion that Pontenberg was engaged in dilatory tactics. Furthermore, the record indicates that Pontenberg's voluntary dismissal was not sought solely to avoid an expected adverse ruling on Boston Scientific's summary judgment motion, but had been contemplated by Pontenberg even before the summary judgment motion had been filed. Indeed, a voluntary dismissal was one of two options suggested by the district court as a possible cure to the dilemma Pontenberg's counsel had created for her client, the other being to file more thorough written motions to extend the various deadlines in the scheduling order and to supplement the Rule 26 disclosure.[7] Furthermore, these options were discussed in open court prior to Boston Scientific filing its summary judgment motion, and Boston Scientific raised no objection. Under these circumstances, we cannot say that the district court's

---

Boston Scientific cites language in Doe in which the Seventh Circuit states that it is difficult to discern from the record on appeal a justification for dismissing the case. See id. at 162-63. However, this language is dicta. Doe reversed the district court not because it abused its discretion in granting the Rule 41(a)(2) voluntary dismissal, but because it erred in applying the legal principles of res judicata to find that the defendants would not be prejudiced by a dismissal. Id. at 162. In remanding the case to the district court for further proceedings, the court acknowledged that whether legal prejudice exists "depends on the particular circumstances and that a range of factors could be taken into account" and that the district court's determination is entitled to "considerable deference." Id. at 163.

[7] At the hearing on Boston Scientific's motion to strike, Pontenberg's attorney made it clear that she was in the process of handing the case over to another attorney who was planning to incorporate Pontenberg's claims within a class action suit he was preparing to file and, for this reason, might opt to dismiss the action rather than seek extensions for the deadlines in the scheduling order. In other words, the record suggests that Pontenberg's wish to dismiss the action was motivated at least in part by a wish to join a class action lawsuit.

12

decision to permit Pontenberg to dismiss her action without prejudice was outside the zone of choice.

This is particularly true where, as here, the district court has conditioned the dismissal on the payment of costs to the defendant should the plaintiff later refile. Where the "practical prejudice" of expenses incurred in defending the action can be "alleviated by the imposition of costs or other conditions," the district court does not abuse its "broad equitable discretion" by dismissing the action without prejudice. McCants, 781 F.2d at 859. Here, the district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d). Therefore, any financial prejudice suffered by Boston Scientific has been adequately addressed.

Accordingly, we conclude that the district court did not abuse its discretion in permitting Pontenberg to dismiss voluntarily without prejudice her products liability action against Boston Scientific.

**AFFIRMED**.