Tabatha REED, Plaintiff,

v.

**BULLOCK COUNTY HOSPITAL,**
**et al., Defendants.**

No. 2:04CV634–M.

United States District Court,
M.D. Alabama,
Northern Division.

Sept. 28, 2004.

Dennis E. Goldasich, Jr., Erby J. Fischer, Justin Lee Smith, Cross Poole Goldasich & Fischer LLC, Birmingham, AL, for Plaintiff.

James Eugene Williams, Melton Espy & Williams, PC, R. Randolph Neeley, U.S. Attorney's Office, Wanda Devereaux, Devereaux & Associates, LLC, Allison Lynn Alford, Tabor R. Novak, Jr., Ball Ball Matthews & Novak PA, Montgomery, AL, Lynn W. Jinks, III, Jinks Daniel & Crow LLC, Union Springs, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

McPHERSON, United States Magistrate Judge.

This case is before the court on the defendant United States' Motion to Dismiss (Doc. # 3), filed on 25 June 2004, defendant Edge Regional Medical Center's ["ERMC"]for Submission of Motion to Dismiss (Doc. # 7), filed on 23 July 2004, the plaintiff's Motion to Dismiss (Doc. # 8), filed on 26 July 2004, the plaintiff's Motion to Remand (Doc. # 9), filed on 26 July 2004, and ERMC's Motion to Dismiss (Doc. # 12), filed on 5 August 2004.

For the reasons set forth herein, the United States' motion to dismiss (Doc. # 3), the plaintiff's motion to dismiss (Doc. # 8) the United States with prejudice, and the plaintiff's motion to remand (Doc. # 9) are granted. ERMC's request for submission of motion to dismiss (Doc. # 7) and motion to dismiss (Doc. # 12) should both be denied as moot.

## I. PROCEDURAL HISTORY AND FACTS

On 31 March 2004, Plaintiff Tabatha Reed ["Reed"] filed this action in the Bullock County Circuit Court against the Bullock County Hospital, Nurse Conretta Braughdon ["Nurse Braughdon"], Drs. Tahir Saddiq ["Dr. Saddiq"], Timothy Hughes ["Dr. Hughes"], and Stephen Coleman ["Dr. Coleman"], and the ERMC [collectively referred to as the "defendants"](Doc. # 1, p. 23—Initial Complaint). Reed amended her complaint to add Dr. Rosalinda Aguilar ["Dr. Aguilar"] as a defendant (Id. at 17).

Reed presented to the Bullock County Hospital on 13 August 2002, complaining of lower abdomen pain (Doc. # 1, p. 26). She was 31 weeks pregnant at the time (Id.). According to the plaintiff, she was connected to a fetal heart monitor that initially noted the fetus's heart rate to be 114 (Id.). When she received a vaginal exam, her cervix had dilated two and a half to three centimeters, she was having contractions four minutes apart, and the fetus's heart rate was vacillating from 168 to 172 (Id.).

Dr. Saddiq was her attending physician, and Nurse Braughdon assisted him (Id.). Dr. Saddiq diagnosed Reed with stomach cramping and released her to the care of Dr. Coleman at ERMC (Id.). Nurse Braughdon contacted Dr. Coleman (Id.). Dr. Coleman instructed her to call Dr. Hughes at ERMC to prepare Reed for delivery (Id.).

Reed was transported via ambulance from the Bullock County Hospital to the ERMC, an approximate distance of 43 miles (Id.). Upon arrival, the fetus was confirmed asystole when a bedside ultrasound was performed (Id. at 27). Labor was induced and several hours later, with the aid of surgery, the deceased baby was delivered (Id.). Reed alleges that the defendants of negligently and wantonly breaching acceptable standards of care, thereby causing the death of her unborn child (Id. at 27–28).

The United States asserts that Drs. Hughes and Coleman are associated with ERMC through their affiliation with the Southeast Alabama Rural Health Associates ["SARHC"]. Their affiliation with SARHC qualifies them as employees of the Public Health Service, a federal government program funded by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) (Doc. # 4, pp. 10–14). The United States [referred to as either the "United States" or the "government"] has provided affidavits and letters establishing that Hughes and Coleman were, therefore, federal employees acting within the scope of their employment at the time of the incident in question (Id.).

As a result, the government is a defendant in their stead (Doc. # 3, p. 1).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) Motion to Dismiss challenges the legal sufficiency of a complaint. It should be granted, as a general rule, only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flint v. ABB, Inc.,* 337 F.3d 1326, 1328–29 (11th Cir.2003). The court should "accept[ ] the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples,* 375 F.3d 1269 (11th Cir.2004).

A defendant moving to dismiss a complaint for failure to state a claim upon which relief may be granted sustains "a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986); *accord, Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.* 144 F.3d 732, 735 –736 (11th Cir.1998); *Ross v. State of Alabama,* 15 F.Supp.2d 1173, 1180 (M.D.Ala.1998).

By requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief", Rule 8(a)(2) imposes a "low pleading burden" on the plaintiff, however. *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995). This rule "establishes a pleading standard without regard to whether a claim will succeed on the merits. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *United States v. Baxter Int'l, Inc.,* 345 F.3d 866, 881(11th Cir.2003). "While a plaintiff is not held to a very high standard ... some minimal pleading standard does exist. Pleadings must be something more than an ingenious academic exercise in the conceivable."

*Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1271 (11th Cir.2004).

## III. DISCUSSION

Reed alleges that she lost her unborn child due to the negligent and wanton actions of the defendants. The substance of her complaint is not at issue. Rather, whether her complaint should be resolved in this court based on the motions presented (Doc. # s3, 7, 8, 9, and 12) is at issue.

### A. Reed's Motion to Dismiss Dr. Hughes and Dr. Coleman

Reed filed a motion to dismiss Drs. Hughes and Coleman pursuant to Rule 41 of the *Fed. R. Civ. Pro.* with prejudice.

Rule 41(a)(2) permits voluntary dismissal of a civil action "upon order of the court and upon such terms and conditions as the court deems proper." The court has broad discretion in granting a motion to dismiss filed by the plaintiff. *Pontenberg v. Boston Sci. Corp.,* 252 F.3d 1253, 1255 (11th Cir.2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856–57 (11th Cir.1986).

Drs. Hughes and Coleman have not filed Answers in this case; nor have they filed any motions. There is no indication that the plaintiff has filed her motion to avoid a likely adverse outcome or to compromise the defendant's position. See *Pontenberg v. Boston Sci. Corp.,* 252 F.3d at 1256. Finally, Reed requests dismissal with prejudice, thereby precluding her re-filing her claims against these two defendants.

The court therefore finds that the defendant will not suffer prejudice if this case is dismissed. Thus, her motion should be

granted, and Drs. Hughes and Coleman should be dismissed as parties defendant.

### B. The Government's Motion to Dismiss

As grounds for its motion, the government's cites a lack of jurisdiction based on Reed's failure to exhaust her administrative remedies, pursuant to requirements set forth in 28 U.S.C. § 2675 (*Id.*). It is unnecessary to address the merits of the government's motion, however, because, as aforestated, the United States is a party to this action solely because of Reed's assertions against Drs. Hughes and Coleman, employees of the Public Health Service. Inasmuch as none of the other defendants were acting on behalf of the government, dismissal of those two doctors, with prejudice, necessarily pretermits any further action against or by the United States. Accordingly, the government's motion to dismiss will be granted.

### C. Reed's Motion to Remand and ERMC's Motion to Dismiss

Dismissal of the United States returns the case to its original status, a case with exclusively state law claims of negligence and wantonness. Reed wants this case adjudicated in state court, as evidenced by her motion to remand, even though ERMC has renewed its motion to dismiss, filed prior to removal (Doc. #s 7, 12, and 13).

■ Pursuant to 28 U.S.C. § 1367(a), in any civil action where a federal district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related if they form part of the same case or controversy under Article III of the Constitution. Since Reed's claims against the government subject to the FTCA are the same as her state law claims against non-federal employees and entities, the court has supplemental jurisdiction.

Pursuant to § 1367(c), however, a district court may decline to exercise such jurisdiction if the district court has dismissed all claims over which it had original jurisdiction. In *Palmer v. Hosp. Auth. of Randolph Co.*, 22 F.3d 1559, 1569 (11th Cir.1994), the Court of Appeals held that whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies. When subsection (c) permits a court to decline jurisdiction, as in this case, the court's discretion should be guided by the factors described in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966): judicial economy, convenience, fairness to the parties, and comity. *Palmer*, 22 F.3d at 1569.

The court is ever-mindful that the plaintiff is the master of her complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). Plaintiffs who file civil lawsuits have a right of election regarding the tribunal in which the dispute is adjudicated. *Four Way Plant Farm, Inc. v. NCCI*, 894 F.Supp. 1538, 1542 (M.D.Ala.1995). In the instant case, Reed, the plaintiff, desires adjudication not in this court, but in the state court.

The federal court's civil caseload is already brimming. Judges have an independent obligation to exercise discretion in the management of their caseload to preserve, to the extent possible, the court's resources for those cases premised upon jurisdictional grounds which are not alternative. In choosing a court, plaintiffs are presumed to have planned their litigation and to have prepared themselves to fulfill the requirements of their selected court.

When Reed filed this suit, she filed it in state court. Her motion to dismiss the government as a defendant and her failure

to exhaust administrative remedies as required by the FTCA indicates that she did not intend to seek a remedy pursuant to federal law. With the dismissal of the government, via Drs. Hughes and Coleman, the court is divested of original federal jurisdiction.

The court will exercise its discretion pursuant to 28 U.S.C. § 1367 and decline jurisdiction over Reed's state law claims. Accordingly, Reed's motion to remand should be granted.

## IV. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED as follows:

1. Reed's motion to dismiss Drs. Hughes and Coleman (Doc. # 8), pursuant to Rule 41, Fed.R.Civ.Pro., is GRANTED;

2. The United States' motion to dismiss (Doc. # 3) is GRANTED;

3. The Plaintiff's motion to remand (Doc. # 9) is GRANTED, and the Clerk is hereby DIRECTED to take all steps to return this case to the state court;

4. ERMC's request for submission of motion to dismiss (Doc. # 7) is DENIED as moot; and

5. ERMC's motion to dismiss (Doc. # 12) is DENIED as moot.