[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-15865
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-01368-CV-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. KASIK,

Defendant-Appellant.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(November 6, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Robert H. Kasik, pro se, appeals the district court's order granting the

United States's motion to dismiss voluntarily without prejudice its previously filed

petition against Kasik to enforce a tax summons, pursuant to 26 U.S.C. § § 7402(b), 7406(a). No reversible error has been shown; we affirm.

The petition, filed by the United States on 24 April 2006, sought a court order directing Kasik to comply with an Internal Revenue Service ("IRS") summons to testify and to produce books, records and other documents needed by the IRS to collect the federal tax liability of Kasik for the taxable years 1990, 1991, 1992 and 1994. On 6 June 2006, after Kasik was served personally with a copy of the petition, he filed an answer and defenses to the petition. The district court scheduled a hearing to take place on 12 July 2006; the United States was directed to respond to Kasik's answer and defenses by 30 June 2006.

Before the date scheduled for the United States's response, the IRS received levy proceeds from Kasik's bank that satisfied the outstanding tax liability. With the tax liability now paid, enforcement of the summons was no longer necessary; the United States moved to dismiss the action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Kasik objected; he argued, among other things, that dismissal should be with prejudice. The district court

adopted the magistrate judge's report and recommendation that the motion to dismiss be granted without prejudice and so ordered the action dismissed.[1]

Rule 41of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed.R.Civ.P. 41(a)(1). If, as was the case here, the adverse party has served an answer, dismissal is available to a plaintiff only upon order of the court and upon such terms and conditions as the court deems appropriate. Fed.R.Civ.P. 41(a)(2). Absent a contrary indication, dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without prejudice.

We review the district court's grant of a motion for voluntary dismissal without prejudice for abuse of discretion. Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001). The district court enjoys broad discretion in determining whether to allow voluntary dismissal under Rule 41(a). Id. And "in most cases, a [voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a*

---

[1] The district court denied as moot Kasik's motion for findings of fact and conclusions of law, and denied his requests for Rule 11 sanctions and that the United States be held in contempt.

*subsequent lawsuit,* as a result." <u>McCants v. Ford Motor Co., Inc</u>., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original).

Kasik's brief makes arguments that take issue with the jurisdiction of the courts and the enforceability of the summons. These arguments are without merit or unimportant to the issue of whether the district court abused its discretion in ordering a Rule 41(a)(2) dismissal without prejudice or both. Missing from Kasik's brief are facts relevant to the "crucial question to be determined:" whether Kasik would "lose any substantial right by the dismissal." <u>Potenberg</u>, 252 F.3d at 1255. Kasik makes no showing to establish that the district court abused its broad discretion when the court granted the United States's motion to dismiss voluntarily without prejudice its petition to enforce the summons.

**AFFIRMED.**