[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12165
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00731-WS-M

FIRST FINANCIAL BANK,

Plaintiff - Appellee,

versus

CS ASSETS, LLC,

Defendant - Appellant,

WEST BEACH, LLC,

Defendant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(July 22, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant CS Assets, LLC ("CS Assets") appeals the district court's order granting the motion for voluntary dismissal of Plaintiff-Appellee First Financial Bank ("Bank"). No reversible error has been shown; we affirm.

Both CS Assets and Bank were mortgagees on certain property in Baldwin County, Alabama. CS Assets held a senior mortgage; Bank was the junior mortgagee. After the mortgagor defaulted on both mortgage loans, CS Assets foreclosed on the property; CS Assets was the purchaser at the foreclosure sale. CS Assets and Bank were unable to agree upon a redemption price; Bank then filed a redemption action against CS Assets pursuant to Alabama's statutory redemption law.[1] Alabama Code §§ 6-5-247, et seq. Bank deposited over three million dollars in the court registry to cover the redemption.

Both parties moved for summary judgment advancing what each believed to be an equitable redemption price. In its summary judgment motion, Bank alerted the court to the possibility that it might seek voluntary dismissal if the redemption price were set at an amount higher than it was willing to pay. When the court

---

[1]Bank's redemption action sought to redeem seven parcels foreclosed upon by CS Assets. CS Assets objected to inclusion of two of the parcels because Bank was no mortgagee on those parcels. The district court granted CS Bank's partial motion to dismiss those two parcels but cautioned that CS Assets had waived its right, if any, to object to piecemeal redemption.

determined the redemption price, the court did not enter judgment; it instead heard the parties on the propriety of disbursement of funds and entry of final judgment. Bank filed a motion for voluntary dismissal of its redemption claim with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Bank's motion to dismiss with prejudice was granted.

We review the grant of voluntary dismissal for abuse of discretion. See Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) ("The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)."). And "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice." Id.

CS Assets contends that the district court abused its discretion. According to CS Assets, it was entitled to entry of judgment in the amount of the redemption price already determined by the district court. The district court fully considered and rejected CS Asset's claimed entitlement: no Alabama authority recognizes the legal rights claimed by CS Assets as a redemption defendant. And, as the district court order explains, the Alabama Supreme Court has twice indicated -- albeit in dicta -- that a redemption defendant cannot compel the redemptioner to complete the purchase of property subject to the redemption action at the redemption price

3

set by the court.  See Rhoden v. Miller, 495 So.2d 54, 58 n.3 (Ala. 1986)

("judgment ordering redemption ... merely allows the plaintiff to purchase the

property from the defendant....Failure to comply with the terms of the judgment

results only in the plaintiff's losing his right of redemption.  The defendant cannot

enforce payment."); Byrd v. Southeast Enterprises, Inc., 812 So.2d 266, 268 n.2

(Ala. 2001) (same).

We see no error in the district court's reasoned decision and no abuse of

discretion.  For the reasons set out in the district court's 8 April 2010 order, CS

Assets failed to show it would suffer legal prejudice from the grant of Bank's

voluntary motion to dismiss with prejudice.[2]  And because we conclude the

dismissal with prejudice is due to be affirmed, we need not address the many

issues raised by both parties about the redemption price set out in the district

court's 13 January 2010 order.

AFFIRMED.

---

[2]We recognize that the clear expressions of the Alabama Supreme Court on the right of redemptioners to walk away from a court-determined redemption price were not holdings of those cases.  Nonetheless, we reject CS Assets' contention that this appeal raises an issue appropriate for certification to the Alabama Supreme Court.  The Alabama Supreme Court has spoken clearly and unequivocally on this issue.  For us, these pronouncements provide sufficient and significant guidance on how the Alabama Supreme Court would rule if presented with this issue.  See Jennings v. BIC Corp., 181 F.3d 1250, 1254-55 (11th Cir. 1999).