[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11281
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cv-03686-SCJ

RES-GA SCL, LLC,

Plaintiff-Appellee,

versus

STONECREST LAND, LLC,
WAYNE H. MASON,
GARY BROCK,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 29, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Stonecrest Land, LLC, Wayne Mason, and Gray Brock appeal the district court's denial of their request for attorneys' fees and costs as a condition of this suit's dismissal without prejudice. Appellants argue that the court abused its discretion when it did not require payment of the fees and costs because Appellee RES-GA SCL, LLC, did not disclose the FDIC's interest in it until at least ten months after filing the complaint despite the existence of court opinions suggesting that the FDIC's presence would defeat diversity jurisdiction. Further, Appellants assert that a large portion of the motion for summary judgment that it prepared in this case will not be useful in the state court case that Appellee has instituted because it involves federal common law.

Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to dismiss voluntarily an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless otherwise specified by the court. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). The district court is accorded broad discretion in dismissing under Rule 41(a)(2), and we reverse only for abuse of that discretion. Id. at 1255-566.

Before the district court, Appellants argued only that Appellee did not disclose its relationship with the FDIC as the reason for imposing fees and costs or

2

even dismissing with prejudice.  They did not argue that their research into any issue would be wasted.  And now, they do not respond to Appellee's argument that the research was on a non-issue anyway.  Further, they do not respond to Appellee's assertion that it offered to refile the case in state court and have both parties submit the same filings, including the motions for summary judgment.  Because it appears that little work would be lost, we cannot say that the district court abused its broad discretion when it dismissed this case without prejudice and imposed no fees or costs.

AFFIRMED.