[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10968
_____

D.C. Docket No. 2:12-cv-02961-WMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REAL PROPERTY,
known as 420 Sterling Park Circle, Alabaster, Shelby
County, Alabama, and all fixtures and appurtenances
thereon,

Defendant,

CHRISTOPHER LINTON,

Claimant,

FLEMING BROOKS,

Claimant-Appellee,

IBERIABANK,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 31, 2014)

Before WILSON and ROSENBAUM, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

The United States initiated this civil forfeiture action to acquire real property obtained by Christopher Linton through proceeds from allegedly fraudulent activity. In the course of the proceedings below, the parties agreed to an interlocutory sale of the subject property conditioned on claimant Fleming Brooks' assertion that he was an innocent owner of the property. On May 1, 2013, the district court entered a consent order on interlocutory sale, permitting sale of the property but subjecting the proceeds of the sale to the court's future ruling on priority. Brooks moved for summary judgment based on his claim as an innocent owner; however, instead of substantively responding, claimant Iberiabank requested that the district court stay the federal proceedings pending resolution of an appeal to the Alabama Supreme Court of a state court order denying Iberiabank's request to intervene in a related reformation action. The district court

---

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

2

ultimately denied Iberiabank's motion to stay and granted Brooks' motion for summary judgment. The district court found that Brooks was an innocent owner of the subject property, entitling him to a first priority lien on the property, which, in turn, solidified his priority over Iberiabank's judgment lien. Thereafter, the United States moved the district court (1) to vacate its prior order permitting interlocutory sale and (2) to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In granting the United States' motion for voluntary dismissal, the district court stated, "[t]he words 'without prejudice' will mean, *inter alia*, that the order respecting the property rights of Iberiabank and Brooks remain in effect."

In this appeal, Iberiabank contends that the effect of the United States' voluntary dismissal was such that the case should have been left as though it had never been filed. Therefore, Iberiabank argues, it was improper for the district court to keep its prior decision on priority intact. We disagree.

Federal Rule of Civil Procedure 41(a)(2) provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The district court retains broad discretion in deciding whether to allow a voluntary dismissal under Rule 41(a)(2). *Potenberg v. Bos. Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). We therefore review a district court's decision to allow a Rule 41(a)(2) voluntary dismissal without prejudice only for an abuse of discretion. *Id.* at 1256.

3

The plain language of Rule 41 permits a district court to dismiss an action on terms that the court considers proper. Here, in exercising its broad authority to create conditions on Rule 41(a) dismissals, the district court did not abuse its discretion by granting the United States' voluntary dismissal while keeping intact its prior finding concerning the property rights of Iberiabank and Brooks.[1] We find the remaining arguments presented by Iberiabank to be meritless.

   **AFFIRMED.**

---

[1] Whether the district court's preserved order can have collateral estoppel and res judicata effects in other litigation is not before this Court, so we express no opinion on that issue.