**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13380

Non-Argument Calendar

_____

AIN JEEM, INC.,

*Plaintiff-Counter Defendant-Appellee,*

*versus*

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A, et al.,

*Defendants,*

HALL OF FAME SPORTS MEMORABILIA, INC., et al.,

Defendants - Counter Claimants,

AKERMAN LLP ALEJANDRO J. FERNANDEZ, et al.,

*Counter Defendants,*

CARL ELLEN PUCKETT, JR.,

Defendant - Counter Claimant
Cross Claimant - Appellant,

MARCELLA ANDERSON PUCKETT,

*Cross Claimant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01331-VMC-AEP

————————————

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Appellee Ain Jeem, Inc., filed a trademark infringement suit against more than 75 defendants, alleging that each defendant had infringed trademarks tied to basketball player Kareem Abdul-Jabbar. After Ain Jeem filed the lawsuit, the district court entered a temporary restraining order that, among other things, barred the defendants from selling infringing products. One of the defendants was appellant Carl Puckett, who allegedly sold an infringing product through the online marketplace Etsy. According to Puckett, because of the temporary restraining order, Etsy and PayPal froze his accounts. In the litigation, Puckett brought counterclaims, and, together with his wife Marcella Puckett, asserted claims against several third-party defendants.

While the action was pending in the district court, the temporary restraining order expired. Later, the district court allowed Ain Jeem to voluntarily dismiss its claims against Puckett. The court also granted Ain Jeem's motion to dismiss Puckett's counterclaims and struck Puckett and Marcella's claims against the third-party defendants.

On appeal, Puckett challenges several of the district court's orders. After careful consideration, we conclude that we lack appellate jurisdiction to review the challenge to the district court's temporary restraining order because the order is no longer in effect. As to the remaining issues, we affirm the district court.

## I.

This dispute arises out of Puckett's operation of an Etsy account under the username Devildogstreasure.[1] One of the items Puckett offered for sale on Etsy was a painted commemorative plate that featured images of Abdul-Jabbar. Puckett originally purchased the plate, which bore a licensed NBA trademark, from a Goodwill store. In April 2021, he sold it through Etsy for approximately $30.

In June 2021, Ain Jeem, an entity that owns trademarks related to Abdul-Jabbar, filed a lawsuit raising trademark-related claims in the Middle District of Florida against more than 75 defendants. It alleged that each defendant operated a storefront on an online marketplace platform—such as Amazon, eBay, or Etsy—to sell counterfeit products or products that were confusingly similar imitations of Ain Jeem's trademarks. Ain Jeem identified Etsy user Devildogstreasure as one of the defendants.

---

[1] Because we write for the parties, who are already familiar with the facts and proceedings in the case, we include only what is necessary to explain our decision. In the opinion, we refer to Carl Puckett as "Puckett" and Marcela Puckett as "Marcella."

Shortly after filing the complaint, Ain Jeem submitted an *ex parte* motion for a temporary restraining order. The next day, the district court entered, under seal, a temporary restraining order that prohibited each defendant from selling products bearing Ain Jeem's marks or any confusingly similar marks. The order also allowed Ain Jeem to take expedited discovery to identify the individuals who were operating the accounts that were allegedly selling infringing products and to uncover the financial accounts that the sellers were using. The order provided that, upon notice, an online marketplace platform, such as Etsy, or a payment processor, such as PayPal, that was providing services for any of the defendants was required to "[r]estrain the transfer of all funds related to ongoing account activity, held or received" for a defendant's benefit. Doc. 8 at 9.[2] The order allowed a defendant or third party to file a petition to modify an asset restraint imposed under the order. And it required Ain Jeem to post a $10,000 bond to cover any damages to which a defendant could be entitled for a wrongful injunction or restraint.

The court directed that the temporary restraining order would remain in effect for two weeks. At Ain Jeem's request, the district court extended the temporary restraining order several times. While the temporary restraining order was in place, Ain Jeem moved for a preliminary injunction against all defendants.

---

[2] "Doc." numbers refer to the district court's docket entries.

Through expedited discovery, Ain Jeem traced the Etsy Devildogstreasure account to Puckett. Ain Jeem also learned that Puckett used a PayPal account in connection with his Etsy account. Ain Jeem notified both Etsy and PayPal of the temporary restraining order. After learning of the temporary restraining order, Etsy deleted Puckett's account, and PayPal froze his account.

Ain Jeem served Puckett with the complaint. Puckett, a disabled veteran who lives in Tennessee, proceeded *pro se*. He filed an answer in which he asserted that the district court in the Middle District of Florida lacked personal jurisdiction over him. He also raised a defense that he was not liable because the plate he sold was a licensed product.

Along with his answer, Puckett asserted a counterclaim for tortious interference with business contracts and sought injunctive relief plus at least $2 million in damages. He purported to bring the counterclaim against Abdul-Jabbar, even though Abdul-Jabbar was not a party to the case. Ain Jeem moved to dismiss the counterclaim, arguing, among other things, that the counterclaim was improperly directed to a non-party.

Shortly after filing the answer and counterclaim, Puckett petitioned the district court to modify the temporary restraining order. He argued that Ain Jeem was not entitled to any form of relief because the plate he sold was authentic. He also reported that because of the restraining order, his financial accounts had been frozen and Etsy had deleted his storefront where he had listed for sale "over [$]86,000 in inventory of antique vases, fine art, china[,] and

collect[i]ble plates." Doc. 86 at 6. Puckett also accused Ain Jeem's counsel of extortion because she offered to settle the case if he paid $7,500. He sought sanctions and requested that the district court dismiss Ain Jeem's complaint and impose a temporary restraining order that applied to all of Ain Jeem's financial accounts.

Ain Jeem opposed the petition. It suggested that Puckett's plate was counterfeit because he sold it for a suspiciously low price. And even if the plate was authentic, Ain Jeem argued that Puckett was still liable because he resold the plate in a way that gave the impression that he was an authorized dealer when he was not.

Ain Jeem also argued that Puckett's assertions about the effect of the temporary restraining order were overstated. Ain Jeem explained that it had notified only two entities—Etsy and PayPal—about the temporary restraining order. Although Puckett suggested that he had sustained substantial damages when his Etsy account was closed because of the large number of products he sold on the platform, Ain Jeem submitted evidence that he sold a small number of items on Etsy. Ain Jeem further explained that the total amount in Puckett's Etsy and PayPal accounts affected by the temporary restraining order was less than $355. The district court denied Puckett's petition, concluding that he had not shown that he was entitled to any relief.

The action in the district court proceeded. Ain Jeem withdrew its motion for a preliminary injunction as applied to Puckett. The district court later granted Ain Jeem's motion for a preliminary injunction as to other defendants but expressly denied the motion

as moot with respect to Puckett and the Devildogstreasure account. In addition, the district court's temporary restraining order expired on September 14, 2021. After the order expired, the district court declared that "[a]s it currently stands, . . . no restraints or other injunctive relief are in place against DEVILDOGSTREASURE or Carl Puckett." Doc. 236 at 2.

Puckett actively litigated the case in the district court. He filed several motions to disqualify the district court judge and the magistrate judge assigned to the case. All these motions were denied.

Puckett, together with Marcella who was not a party to the action,[3] filed a document titled "Cross Complaint," in which they brought claims against several third-party defendants, including Abdul-Jabbar, Etsy, and Ain Jeem's attorneys, alleging violations of their constitutional rights. Puckett and Marcella also brought state law claims for tortious interference with business contracts, abuse of process, malpractice, and fraud. They demanded millions of dollars in damages from each third-party defendant. Ain Jeem moved to strike the cross complaint.

After Ain Jeem moved to strike the cross complaint, Puckett and Marcella filed a motion seeking permission from the court to file a third-party complaint in which they raised claims against the third-party defendants. In their proposed third-party complaint, they sought to raise many of the same claims that they had asserted

---

[3] Like Puckett, Marcella was proceeding *pro se*.

in the cross complaint, as well as a civil claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Ain Jeem opposed the motion.

Faced with a barrage of filings from Puckett, Ain Jeem filed a motion, pursuant to Federal Rule of Civil Procedure 41(a)(2), seeking to voluntarily dismiss its claims against Puckett without prejudice. Puckett opposed the motion.

The district court entered a series of orders disposing of Ain Jeem's claims against Puckett, Puckett's counterclaim, and Puckett and Marcella's cross complaint. First, the district court granted Ain Jeem's motion to dismiss the counterclaim. The court gave several reasons for dismissing the counterclaim, including that it was brought against Abdul-Jabbar who was not a party. Because Puckett was proceeding *pro se*, the court allowed him to file an amended counterclaim.

Second, the district court entered an order striking Puckett and Marcella's cross complaint against the third-party defendants and denied their motion seeking leave to file a third-party complaint. The court concluded that the claims asserted against the third-party defendants were not proper third-party claims because Puckett was not seeking indemnity or contribution for the claims Ain Jeem asserted against him. The court further noted that Puckett had not received permission before filing the cross complaint.

Third, the court granted Ain Jeem's motion to voluntarily dismiss its claims against Puckett. The court explained that Federal Rule of Civil Procedure 41(a)(2) permits a district court, upon a

plaintiff's motion, to dismiss an action. And it determined that the dismissal would not prejudice Puckett because the dismissal "remove[d] the risk of him being held liable to Ain Jeem." Doc. 356 at 1. The court added that a dismissal was consistent with Rule 41(a)(2) because it had allowed Puckett to file an amended counterclaim. The court then dismissed without prejudice Ain Jeem's claims against Puckett.

After the district court entered these orders, Puckett filed an amended counterclaim against Ain Jeem. He asserted state law claims against Ain Jeem for tortious interference with contractual relations, fraud, perjury, tortious interference with economic advantage, unfair business practices, malicious prosecution, and abuse of judicial process.

Ain Jeem moved to dismiss the amended counterclaim. It argued that the counterclaim should be dismissed with prejudice because Puckett's claims were barred by various doctrines, such as Florida's litigation privilege. In the alternative, Ain Jeem asked the district court to decline to exercise supplemental jurisdiction over Puckett's claims, all of which arose under state law. Puckett failed to respond to Ain Jeem's motion to dismiss. The court granted Ain Jeem's motion and dismissed without prejudice the amended counterclaim.

Although the district court had at this point disposed of all the claims between Ain Jeem and Puckett, the action remained pending in the district court. The court had not entered a final

judgment because Ain Jeem's claims against several other defendants remained pending.

About ten months after the district court's order dismissing the amended counterclaim, Puckett moved for reconsideration of the district court's orders dismissing his amended counterclaim and allowing Ain Jeem to voluntarily dismiss its complaint. The district court denied the motions.

Puckett then filed a second amended counterclaim.[4] The district court struck the filing, explaining that it had dismissed the amended counterclaim and had not granted Puckett leave to file a second amended counterclaim. Because Puckett was "no longer a party" to the action, the court stated, "his counterclaim is improper." Doc. 422 at 1.

Over the next few months, the court disposed of Ain Jeem's claims against the remaining defendants. After resolving the claims against all the defendants, the district court entered an order dismissing the action and instructing the clerk to close the case.

---

[4] Around this time, Puckett and Marcella filed an action in the Western District of Tenneessee, bringing federal RICO claims against Ain Jeem, Abdul-Jabbar, Etsy, and the attorneys who represented Ain Jeem in the Middle District of Florida, as well as the district court judge and magistrate judge who presided over the Middle District of Florida case. The district court dismissed the action for lack of subject matter jurisdiction, and the Sixth Circuit later affirmed. *See Puckett v. Ain Jeem, Inc.*, Nos. 24-5285/5537, 2025 WL 948092 (6th Cir. Feb. 11, 2025) (unpublished).

23-13380                Opinion of the Court                11

On top of the proceedings described above, Puckett filed multiple notices of appeal in the district court, seeking this Court's review of the district court's decisions. We briefly review the appellate proceedings.

Puckett filed a notice of appeal in 2021, seeking review of several district court orders including the order denying his petition to modify the temporary restraining order. A panel of this Court dismissed the appeal for lack of jurisdiction, noting there was no final judgment in the case. Although we have jurisdiction to review orders granting, modifying, or dissolving injunctions, we explained that a temporary restraining order generally was not reviewable on appeal. Even assuming that the district court's temporary restraining order was a preliminary injunction that was appealable, we concluded that Puckett's appeal was moot because the district court had dissolved the temporary restraining order and its preliminary injunction did not apply to Puckett. We also concluded that the district court's orders were not appealable under the collateral order doctrine.

In 2022, Puckett filed another notice of appeal, seeking to challenge orders dismissing the complaint and amended counterclaim, striking the cross complaint, and denying his motions to disqualify the district court judge and magistrate judge. We dismissed this appeal, too, for lack of jurisdiction. At the time of this appeal, there was no final judgment because Ain Jeem's claims against other defendants remained pending. Puckett petitioned for a writ of certiorari, which the Supreme Court denied.

Puckett also filed a writ of mandamus in this Court in which he sought an order requiring the district court judge and magistrate judge to recuse themselves and to vacate all orders that they had entered. We denied the petition in part and dismissed it in part.

Shortly after the district court dismissed the action and closed the case, Puckett and Marcella filed another notice of appeal, which generated this appeal. We previously concluded that we have jurisdiction to hear the appeal because it is taken from a final judgment.

## II.

We review for abuse of discretion a district court's order allowing a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). *Potenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). We review the denial of a motion for reconsideration for abuse of discretion. *See Jenkin v. Anton*, 922 F.3d 1257, 1263–64 (11th Cir. 2019); *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012).

We liberally construe *pro se* litigants' pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We also "read briefs filed by *pro se* litigants liberally," but "issues not briefed on appeal by a *pro se litigant* are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

Puckett raises several issues on appeal.[5] First, he argues the district court erred in granting Ain Jeem's motion to voluntarily dismiss the complaint against him. He says the district court instead should have dismissed the complaint against him for lack of subject matter jurisdiction because Ain Jeem lacked standing, for lack of personal jurisdiction because he resided in Tennessee and did not have contacts with Florida, or as an improper shotgun pleading. Second, he challenges the district court's temporary restraining order, arguing that the district court failed to follow proper procedures before issuing the order that allowed Ain Jeem to take expedited discovery and restrain his assets. Third, he asserts that our Court erred when we dismissed his earlier appeals for lack of jurisdiction. We address each issue in turn.

### A.

We begin with the challenge to the district court's order granting Ain Jeem's motion to voluntarily dismiss the action against Puckett without prejudice.

---

[5] For simplicity's sake, we refer to this as Puckett's appeal. Although Puckett alone litigated most of the issues in the district court, Marcella at times purported to participate in the litigation, including filing the cross complaint together with Puckett. Marcella also has appealed in this case. She and Puckett, who are each proceeding *pro se*, have filed a single, joint appellants' brief and a single, joint reply brief. To be clear, we resolve Marcella's appeal in the same way that we resolve Puckett's.

The Federal Rules of Civil Procedure provide that once an opposing party has served an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* A dismissal under Rule 41(a)(2) is a dismissal without prejudice, unless the court's order states otherwise. *Id.* In general "a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015).

Here, the district court did not abuse its discretion in granting Ain Jeem's motion for voluntary dismissal. The dismissal was consistent with Rule 41(a)(2) because although the district court dismissed Ain Jeem's claims, it left Puckett's counterclaims pending "for independent adjudication." Fed. R. Civ. P. 41(a)(2). The only legal prejudice that Puckett potentially faced because of the dismissal was the prospect of Ain Jeem filing a second lawsuit.

On appeal, Puckett argues that the district court nevertheless erred in granting the voluntary dismissal because it should have dismissed the action against him for different reasons. He says the court should have dismissed the action because Ain Jeem lacked standing to pursue the claims against him, the court lacked personal jurisdiction over him, or Ain Jeem's complaint was an

23-13380              Opinion of the Court                    15

improper shotgun pleading. But Puckett cannot show that he suffered any prejudice due to the district court's dismissal of the action because of Ain Jeem's voluntary dismissal instead of the other grounds that he has identified. Indeed, by dismissing Ain Jeem's complaint without prejudice, the court left Puckett effectively in the same position that he would have been in if the district court had dismissed the action against him on any of the grounds that he now raises. After all, if the district court had dismissed the action because Ain Jeem lacked standing or because the court lacked personal jurisdiction over Puckett, the dismissal would have been without prejudice. *See Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1311 (11th Cir. 2024); *Posner v. Essex Ins.*, 178 F.3d 1209, 1221 (11th Cir. 1999). And if the court had concluded that the complaint was a shotgun pleading, it would have been required to give Ain Jeem an opportunity to file an amended complaint before it could dismiss the action with prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Under these circumstances, Puckett has not shown that he suffered prejudice when the court granted the motion for voluntary dismissal. We thus conclude that he has not established that the district court abused its broad discretion when it granted Ain Jeem's motion to dismiss.[6]

---

[6] Puckett also challenges on appeal the district court's order denying his motion for reconsideration of the dismissal order. We conclude that the district court did not abuse its discretion when it denied Puckett's reconsideration motion

**B.**

The second issue Puckett raises on appeal is whether the district court erred in granting a temporary restraining order. He says that the district court lacked authority to restrain his assets because it failed to follow proper procedures.

We lack jurisdiction to review this challenge. In general, a temporary restraining order is not reviewable on appeal. *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). But an order purporting to impose a temporary restraining order is appealable when it is really a preliminary injunction in disguise. *Id.* Even if the district court's temporary restraining order, which was extended several times, was an injunction, we still would lack jurisdiction because Puckett's appeal of the order is moot given that the injunction has expired.

"An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'" *United States v. Sec'y, Fla. Dep't of Corrs.*, 778 F.3d 1223, 1228 (11th Cir. 2015) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)). "One such intervening event is the expiration of a preliminary injunction that is being challenged" on appeal. *Id.* at 1228–29; *see Vital Pharms. v. Alfieri*, 23 F.4th 1282, 1289 (11th Cir. 2022) (stating that "we have consistently held that the appeal of a preliminary injunction is moot where the effective time period of the injunction has passed" (citation modified)).

Here, any injunctive relief the district court entered affecting Puckett expired on September 14, 2021. As the district court

explained, after this date, "no restraints or other injunctive relief [were] in place against DEVILDOGSTREASURE or Carl Puckett." Doc. 236 at 2. Because no restraints remain in place against Puckett, we lack jurisdiction to review on appeal the district court's temporary restraining order. Accordingly, to the extent that Puckett challenges this order, we dismiss his appeal.

## C.

We liberally construe Puckett's appellate brief as raising one final issue: that we should vacate the two earlier orders from panels of this Court dismissing his earlier appeals for lack of appellate jurisdiction. Even assuming that we may in this appeal revisit the decisions dismissing those earlier appeals, we conclude that Puckett is entitled to no relief because we see no error in the earlier orders. We plainly lacked jurisdiction at the time of those appeals.

## IV.

We dismiss the appeal of the district court's temporary restraining order for lack of appellate jurisdiction. As to the remainder of the appeal, we affirm the district court's judgment.[7]

**AFFIRMED IN PART; DISMISSED IN PART.**

---

[7] Any other issue on appeal lacks merit.