Clayton E. DURHAM, Appellant,

v.

**FLORIDA EAST COAST RAILWAY COMPANY, Appellee.**

No. 24541.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1967.

Larry Klein, Miller, Cone, Owen, Wagner, Nugent & Johnson, West Palm Beach, Fla., for appellant.

H. T. Cook, St. Augustine, Fla., Kenneth L. Ryskamp, Bolles, Goodwin & Ryskamp, Miami, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

WISDOM, Circuit Judge:

The plaintiff appeals from a judgment dismissing the complaint with prejudice. The effect of the dismissal was to visit the sins of the lawyer upon his client. In certain cases when a plaintiff has failed to prosecute his action or his attorney has failed to comply with the rules or orders of court, dismissal of the complaint with prejudice is an appropriate exercise of the judicial discretion to dismiss authorized in F.R.Civ.P. 41. We have concluded, however, that in this case the sins of the lawyer were not so enormous as to justify such a penalty.

The plaintiff filed suit on December 2, 1965, under the Federal Employers' Liability Act alleging that his employer, the defendant railroad, was negligent in failing to provide a safe place to work. The defendant denied negligence and alleged contributory negligence as an affirmative defense. The case has been at issue since December 23, 1965. On May 3, 1966, the case was set down for jury trial during the Court's fall term in Fort Pierce, Florida, where the Court sits twice a year. The Court conducted a pretrial conference on September 20, 1966. When the case was called for trial on October 10, 1966, the plaintiff, alleging that he had discovered new evidence, orally moved the Court for leave to amend his complaint to include a claim under the Federal Safety Appliance Act. Under this act, the plaintiff may recover without regard to any contributory negligence. The district court denied leave to amend, a ruling not contested here. The plaintiff moved for a voluntary dismissal without prejudice. The defendant objected. The Court sustained the objection and directed the plaintiff to present his case, stating:

Today we are here at Fort Pierce and we have come here specifically to try cases and this case is the only jury case on the docket for this week. There are twenty-three jurors in the courtroom. Counsel for both parties have come considerable distance to attend the trial. The evidence urged by the plaintiff's counsel falls short of being actually new evidence, in that it is information furnished purportedly by the plaintiff himself. ¶ In light of these facts I am constrained to deny the motion to dismiss and to direct counsel to proceed to trial.

Counsel for the plaintiff then announced that he could not proceed with the trial of the case. The Court thereupon dismissed the action "with prejudice to and at the cost of the plaintiff".

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734. F.R.Civ.P. 41, in relevant part, reads: "(a) (2) By order of Court * * * an action shall not be dismissed at the plaintiff's in-

stance save upon order of the court and upon such terms and conditions as the court deems proper * * * (b) * * * For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * "

■ But "[t]he sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." Durgin v. Graham, 1967, 5 Cir., 372 F.2d 130, 131. The decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff. See Link v. Wabash R. Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 2d 734; Ockert v. Union Barge Line Corp., 3 Cir. 1951, 190 F.2d 303; Joseph v. Norton Co., S.D.N.Y.1959, 24 F.R.D. 72, 2 Cir., 273 F.2d 65; and other cases noted, 28 U.S.C.A. Rule 41, esp. Note 53. In the *Link* case, relied on by the appellee here, the case had been pending for more than three years, and after numerous previous delays, the plaintiff's attorney failed to appear for a pre-trial conference without good excuse. The Court upheld the dismissal, expressly relying on all of the circumstances of the case, and not just the culminating incident. Even so, the Court divided 4–3, and there was a vigorous dissent by Justice Black, asserting that "[m]oreover, to say that the sins or faults or delinquencies of a lawyer must always be visited upon his client so as to impose tremendous financial penalties upon him, as here, is to ignore the practicalities and realities of the lawyer-client relationship." 370 U.S. at 646, 82 S.Ct. at 1397.

■■ The record here does not disclose the reason for the failure of the plaintiff's attorney to make a timely motion to amend. The "new" evidence, as the trial judge noted, was evidence furnished by the plaintiff himself relating to a "defective coupling".[1] The attorney may have been negligent in failing to discover the new evidence sooner than he did. He may have been lacking in the consideration lawyers should have for witnesses, opposing counsel, and the trial judge—if he deliberately withheld until the last minute his motion to amend. But there is no evidence of his bad faith in the record. And we consider that his negligence was insufficient to justify dismissal of the complaint with prejudice. Assuming that he was in good faith, his duty to his client required him to decline to proceed without the benefit of the claim under the Safety Compliance Act.

■ The trial judge was of course concerned that witnesses and attorneys had travelled long distances; that jurors had been assembled for this case at Fort Pierce (this was the only jury case scheduled at that term); and that the plaintiff's refusal to proceed inconvenienced all of these. But "Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business. * * * For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary." Alamance Industries, Inc. v. Filene's, 1 Cir. 1961, 291 F.2d 142, 146. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal. "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice *other than the mere prospect of a second law suit*. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." (Emphasis added). 2 Barron and Holtzoff, Federal Practice

---

1. The complaint and pre-trial stipulation indicate that the plaintiff was injured when he jumped from a car to some uneven ballast on defendant's roadbed. It is difficult to relate a defective coupling to an uneven roadbed. The plaintiff did not give the lower court the benefit of a proposed amended complaint or any affidavit regarding when this information was first discovered.

and Procedure § 912 (Wright's ed.). The record does not disclose any prejudice to the defendant, had a voluntary dismissal been granted, other than the annoyance of a second litigation upon the same subject matter.

Accordingly, we hold that the district court exceeded the bounds of judicial discretion in dismissing the complaint with prejudice. We reverse and remand with instructions that the case be reinstated. On proper motion the complaint may be dismissed without prejudice upon such terms and conditions as the court deems proper.