118 T.C. No. 18

UNITED STATES TAX COURT

RICHARD T. WAGNER AND MARGIE WAGNER, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7186-00L.            Filed April 15, 2002.

    Ps petitioned the Court under sec. 6320(c),
I.R.C., to review a notice of a Federal tax lien placed
upon their property for 1991 and 1996 Federal income
taxes.  Ps contend that they are entitled to carry back
to 1991 a net operating loss that they incurred in
1994.  Ps now move the Court to dismiss this case.
<u>Held</u>:  We shall grant Ps' motion.  <u>Estate of Ming v.
Commissioner</u>, 62 T.C. 519 (1974), distinguished.

<u>Keith H. Johnson</u>, for petitioners.

<u>William R. McCants</u>, for respondent.

OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court under section 6320(c) to review a notice of a Federal tax lien placed upon their property.  The lien arose from an assessment of Federal income taxes of $412,787.15 and $844.16 for 1991 and 1996, respectively.  Petitioners now, after being served with respondent's answer and respondent's motion for summary judgment, move the Court to dismiss this case without prejudice to their right to seek in Federal District Court a determination that they incurred a net operating loss (NOL) in 1994 that may be carried back to 1991.[1]  We shall grant petitioners' motion.[2]  Unless otherwise noted, section references are to the Internal Revenue Code in effect for the relevant years, Rule references are to the Tax Court Rules of Practice and Procedure, and rule references are to the Federal Rules of Civil Procedure.  Petitioners resided in Maitland, Florida, when their petition was filed.

---

[1] Respondent argued in his motion for summary judgment that res judicata barred petitioners from establishing an NOL in 1994 that could be carried back to 1991.  The Court determined petitioners' income tax liability for 1991 in <u>Estate of Wagner v. Commissioner</u>, T.C. Memo. 1998-338.

[2] In so doing, we, of course, leave to the District Court to determine whether petitioners are entitled to any relief there, and, if so, what type of relief.

The parties agree that the Court may dismiss this case pursuant to petitioners' request.[3]  We distinguish this dismissal from our jurisprudence that holds that taxpayers may not withdraw a petition under section 6213 to redetermine a deficiency.  That jurisprudence stems from the seminal case of Estate of Ming v. Commissioner, 62 T.C. 519 (1974).

In Estate of Ming, the taxpayers moved the Court to allow them to withdraw their petition for a redetermination of their 1964, 1965, and 1966 Federal income taxes.  Presumably, they made their motion so that they could refile their lawsuit in District Court.  We denied the motion.  We noted that, whenever this Court dismisses a case on a ground other than lack of jurisdiction, we are generally required by section 7459(d)[4] to enter a decision finding that the deficiency in tax is the amount determined in the notice of deficiency.  Id. at 522.  We observed that entering such a decision would serve to preclude the taxpayers from litigating the case on its merits in District Court.  Id. at

---

[3] Respondent does not object to dismissal without prejudice to petitioners' filing a refund suit in District Court but takes the position that the dismissal should be with prejudice to their refiling a petition under sec. 6320(c) in our own Court based on the same claim as their existing petition.

[4] Sec. 7459(d) provides in relevant part:

SEC. 7459(d).  Effect of Decision Dismissing Petition.--If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary.  * * *

522-523. We noted that the Commissioner had been prejudiced by the taxpayers' filing of the petition by virtue of the fact that he was precluded from assessing and collecting the taxes which he had determined the taxpayers owed. Id. at 524.

In Estate of Ming v. Commissioner, supra at 521-522, we also relied on our opinion in Dorl v. Commissioner, 57 T.C. 720 (1972), affd. 507 F.2d 406 (2d Cir. 1974), which held that a taxpayer may not remove a case from this Court in order to refile it in District Court. We observed in Dorl that the filing of a petition in this Court gives us exclusive jurisdiction under section 6512(a), which acts to bar a refund suit in the District Court for the same tax and the same year. We noted that this observation was supported by the legislative history accompanying the enactment of the predecessors of sections 6512(a) and 7459(d). That history states that, when a taxpayer petitions the Board of Tax Appeals, the Board's decision, once final, settles the taxpayer's tax liability for the year in question even if the decision resulted from a dismissal requested by the taxpayer. Estate of Ming v. Commissioner, supra at 522.

We believe that our holding in Estate of Ming is inapplicable to the setting at hand where petitioners have petitioned this Court under section 6320(c). Section 7459(d) applies specifically to a petition that is filed for a redetermination of a deficiency and makes no mention of a petition that is filed under section 6320(c) to review a

collection action.  Section 6320 was added to the Code as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, and that act made no amendment to section 7459(d), which finds its roots in section 906(c) of the Revenue Act of 1926, ch. 27, 44 Stat. 107.  Nor do we know of any provision in the Code that would require us, upon a dismissal of a collection action filed under section 6320(c), to enter a decision for the Commissioner consistent with the underlying notice of determination.  Whereas the relevant legislative history supported our holding in Dorl v. Commissioner, supra, we are unaware of any legislative history that would support a holding contrary to that which we reach herein.

Our granting of petitioners' motion is supported by rule 41(a)(2),[5] which we consult given the absence in our Rules of a

---

[5] In relevant part, rule 41 provides:

Rule 41.  Dismissal of Actions

    (a) Voluntary Dismissal: Effect Thereof.

       (1) By Plaintiff; by Stipulation.  * * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a

(continued...)

specific provision as to this matter.[6]  See Rule 1.  Under rule 41(a)(2), a plaintiff is not entitled as a matter of right to a dismissal after the defendant has served a motion for summary judgment but is allowed such a dismissal in the sound discretion of the court.  <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255-1256 (11th Cir. 2001); <u>LeCompte v. Mr. Chip, Inc.</u>,

---

[5](...continued)
notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * *  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

* * * * * * *

(d) Costs of Previously-Dismissed Action.  If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper * * *.

[6] Our Rule on dismissals, Rule 123(b), relates to dismissals "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient".  Pursuant to that Rule, "the Court may dismiss a case at any time and enter a decision against the petitioner."  <u>Id.</u>  Rule 123(b) does not apply to the setting at hand where petitioners voluntarily move the Court to dismiss their petition filed under sec. 6320(c) to review a notice of Federal tax lien.

528 F.2d 601 (5th Cir. 1976).  In general, a court "should" grant a dismissal under rule 41(a)(2) "unless the defendant will suffer clear legal prejudice, <u>other than the mere prospect of a subsequent lawsuit</u>, as a result."  <u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 856-857 (11th Cir. 1986).  "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal."  <u>Durham v. Fla. E. Coast Ry. Co.</u>, 385 F.2d 366, 368 (5th Cir. 1967).  In making this determination, a court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  <u>McCants v. Ford Motor Co., Inc.</u>, <u>supra</u> at 857.

The statutory period in which petitioners could refile their lawsuit in this Court appears to have expired.  Section 6330(d)(1) requires that a petition to this Court be filed within 30 days of the determination that is the subject of section 6320.  See also sec. 6320(c).  The rule is deeply embedded in the jurisprudence of Federal law that the granting of a motion to dismiss without prejudice is treated as if the underlying lawsuit had never been filed.  <u>Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.</u>, 4 F.3d 605, 608 (8th Cir. 1993); <u>Brown v. Hartshorne Pub. Sch. Dist.</u>, 926 F.2d 959, 961 (10th Cir. 1991); <u>Robinson v. Willow Glen Acad.</u>, 895 F.2d 1168, 1169 (7th Cir. 1990); <u>Long v. Board of Pardons and Paroles</u>, 725 F.2d 306 (5th Cir. 1984); <u>Cabrera v. Municipality of Bayamon</u>, 622 F.2d 4, 6 (1st Cir.

1980); <u>Humphreys v. United States</u>, 272 F.2d 411, 412 (9th Cir. 1959); <u>A.B. Dick Co. v. Marr</u>, 197 F.2d 498, 502 (2d Cir. 1952); <u>Md. Cas. Co. v. Latham</u>, 41 F.2d 312, 313 (5th Cir. 1930).  We conclude that respondent is not prejudiced in maintaining the subject collection action against petitioners as if the instant proceeding had never been commenced.

Accordingly, in the exercise of the Court's discretion, and after weighing the relevant equities including the lack of a clear legal prejudice to respondent, we shall grant petitioners' motion.  In accordance with the foregoing,

<u>An appropriate order of dismissal will be entered granting petitioners' motion to dismiss</u>.