148 T.C. No. 4

UNITED STATES TAX COURT

ELIZABETH M. JACOBSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20577-15W.                    Filed February 8, 2017.

P petitioned under I.R.C. sec. 7623(b)(4) for review of R's denial of her claim for a whistleblower award. P subsequently moved for voluntary dismissal of her case, to which R has not objected.

Held: Because R will suffer no prejudice from dismissal of this case, we will apply the principles of Wagner v. Commissioner, 118 T.C. 330 (2002), and grant P's motion.

Geoffrey G. Bestor, for petitioner.

Ladd Christman Brown, Jr., for respondent.

OPINION

LAUBER, Judge:  This whistleblower award case is before the Court on petitioner's motion for voluntary dismissal of her case.  Respondent does not oppose this motion, and we will grant it.

Background

The following facts are derived from the parties' pleadings and motion papers and the exhibits attached thereto.  Petitioner resided in Maryland when she filed her petition.

In October 2011 petitioner filed Form 211, Application for Award for Original Information, with the IRS Whistleblower Office (Office).  On May 11, 2015, the Office sent petitioner a preliminary decision to deny her claim.  On July 10, 2015, she provided the Office with comments on this preliminary decision.

On July 17, 2015, after reviewing petitioner's comments, the Office sent her a final determination denying her claim for an award.  The reason given was that "the IRS took no action based on the information that you provided."  On August 17, 2015, petitioner filed a timely petition for review under section 7623(b)(4).[1]

---

[1]All statutory references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.

On November 18, 2016, petitioner filed a motion to withdraw her petition, which the Court filed as a motion to dismiss. In that motion petitioner stated that she had "decided to withdraw her appeal," acknowledged that she had "no right to file an appeal in the United States District Court or anywhere else," and stated that respondent therefore would "suffer no prejudice from the dismissal of this case." At our request, respondent filed a response to petitioner's motion on January 5, 2017. He there stated that he did not object to the granting of petitioner's motion, expressing his view that dismissal was appropriate under standards analogous to those set forth in Wagner v. Commissioner, 118 T.C. 330 (2002).

Discussion

In Estate of Ming v. Commissioner, 62 T.C. 519 (1974), we considered a taxpayer's motion to withdraw a petition without prejudice in a deficiency proceeding. When the Court in a deficiency context dismisses a case on a ground other than lack of jurisdiction, section 7459(d) requires that we enter a decision deciding that "the deficiency is the amount determined by the Secretary." We held in Estate of Ming, 62 T.C. at 522-523, that, in a case brought under section 6213, a taxpayer may not withdraw his petition in order to avoid the entry of a decision. We therefore denied the taxpayer's motion to withdraw without prejudice.

In <u>Wagner</u>, we found the rationale of <u>Estate of Ming</u> to be inapplicable in a collection due process (CDP) case brought under sections 6320(c) and 6330(d) to review a notice of Federal tax lien filing. As we noted there: "Section 7459(d) applies specifically to a petition that is filed for a redetermination of a deficiency and makes no mention of a petition that is filed * * * to review a collection action." <u>Wagner</u>, 118 T.C. at 332. In the absence of any statutory requirement that we enter a decision consistent with an antecedent notice of deficiency, we looked to rule 41(a)(2) of the Federal Rules of Civil Procedure (Civil Rules), which permits dismissal in the sound discretion of the court. The case law under Civil Rule 41(a)(2) indicated that a court should grant dismissal "unless the defendant will suffer clear legal prejudice." <u>Wagner</u>, 118 T.C. at 333 (quoting <u>McCants v. Ford Motor Co.</u>, 781 F.2d 855, 856-857 (11th Cir. 1986)).

We concluded in <u>Wagner</u> that the Commissioner would suffer no prejudice if we dismissed the case. The IRS would then be free to maintain collection action against the taxpayer "as if the instant proceeding had never been commenced." <u>Id.</u> at 334. And because the time for seeking judicial review of the Commissioner's CDP determination had expired, there was no risk that the IRS would face duplicative litigation in this Court or anywhere else. <u>See id.</u> at 333. Accordingly, "in the exercise of the Court's discretion, and after weighing the relevant equities includ-

ing the lack of a clear legal prejudice to respondent," we decided to grant the taxpayer's motion to dismiss. Id. at 334.

In Davidson v. Commissioner, 144 T.C. 273 (2015), we extended Wagner's logic to "stand alone" cases brought under section 6015(e)(1) for relief from joint and several liability (sometimes referred to as "innocent spouse" relief). We there distinguished Vetrano v. Commissioner, 116 T.C. 272, 280 (2001), where the "innocent spouse" claim had been raised as an affirmative defense in a deficiency proceeding commenced under section 6213. See Davidson, 144 T.C. at 276-278.

The logic of Wagner and Davidson applies with equal force to the instant whistleblower proceeding. Section 7459(d), requiring entry of a decision in deficiency cases, likewise does not apply here. Section 7623(b)(4), which grants this Court exclusive jurisdiction to review IRS determinations regarding whistleblower awards, provides that any appeal must be filed "within 30 days of such determination." Because the Office's final determination on her claim was made 19 months ago, petitioner has no right to file another petition in our Court for review of that determination or "to file an appeal in the United States District Court or anywhere else." Dismissal of the instant case will thus leave binding on petitioner the IRS' July 17, 2015, determination to deny her claim for an award. "[I]n the exercise of the Court's discretion, and after weighing the relevant equities includ-

ing the lack of a clear legal prejudice to respondent," we will accordingly grant petitioner's motion to dismiss.  <u>Wagner</u>, 118 T.C. at 334.

To implement the foregoing,

<u>An appropriate order of dismissal</u>

<u>will be entered</u>.