149 T.C. No. 16

UNITED STATES TAX COURT

GEORGE SCHUSSEL, TRANSFEREE OF DRIFTWOOD MASSACHUSETTS
BUSINESS TRUST, f.k.a. DIGITAL CONSULTING, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30639-15.                     Filed October 5, 2017.

P petitioned the Court for redetermination of his liability as a
transferee under I.R.C. sec. 6901(a), but now moves that we dismiss
his petition with prejudice.

Held: Because a taxpayer's liability as a transferee is
"assessed, paid, and collected in the same manner and subject to the
same provisions and limitations" as a deficiency in tax, sec. 6901(a),
a dismissal of a petition for redetermination of transferee liability, just
like a dismissal of a petition for redetermination of a deficiency, for
any reason other than lack of jurisdiction requires that we enter a
decision as to the amount of the liability. Estate of Ming v.
Commissioner, 62 T.C. 519 (1974), followed.

Held, further, the Court will deny P's motion to dismiss,
ordering the parties to submit an agreed stipulated decision document.

Francis J. DiMento, for petitioner.

Carina J. Campobasso, for respondent.

OPINION

ASHFORD, Judge:  This transferee liability case is before the Court on petitioner's motion to dismiss his case with prejudice.  As explained below, we will deny petitioner's motion.

Background

The following facts are derived from the parties' pleadings and motion papers.  Petitioner states in his petition that his "State of legal residence [is] now Florida".[1]

On September 15, 2015, respondent issued a notice of liability to petitioner as the transferee of the assets of Driftwood Massachusetts Business Trust, formerly known as Digital Consulting, Inc. (Driftwood), in the amount of $6,881,291 for Driftwood's unpaid liabilities for income tax, penalties, and interest for the taxable years ended December 31, 1988, 1991, and 1992.  On

[1]Respondent in his answer denies this allegation for lack of knowledge.

December 8, 2015, petitioner timely petitioned this Court for redetermination of the liability.

This case was calendared for trial at the session of the Court commencing November 28, 2016, in Boston, Massachusetts. When the case was called from that calendar, counsel for the parties appeared and counsel for petitioner filed with the Court a motion to dismiss with prejudice. As the reason therefor, petitioner stated in his motion that the parties had "reached an accord and satisfaction with respect to all claims before the Court; said accord being part of a comprehensive settlement that includes claims not before the Court". Petitioner further stated, citing our Opinion in Wagner v. Commissioner, 118 T.C. 330, 332-333 (2002), that "[i]nasmuch as this is a case only of transferee liability", he is not seeking redetermination of a deficiency and therefore section 7459(d) is inapposite, and that respondent "will not suffer clear legal prejudice" from the dismissal of this case with prejudice.[2] We took petitioner's motion under advisement.

At our request, respondent filed a response to petitioner's motion on December 28, 2016. Therein he stated that the petition cannot be dismissed with or without prejudice, expressing the view that, pursuant to sections 6901(a) and

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant years, and all Rule references are to the Tax Court Rules of Practice and Procedure.

7459(d) and the logic of Estate of Ming v. Commissioner, 62 T.C. 519 (1974), either petitioner must agree to a stipulated decision or the Court must enter an order and decision as to the amount of the transferee liability.

Petitioner filed a reply on January 27, 2017, contending that Estate of Ming is distinguishable from this case and reiterating that section 7459(d) is inapplicable.

## Discussion

Section 7459(d) provides:

> SEC. 7459(d). Effect of Decision Dismissing Petition.--If a petition for redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in this proceeding, or unless the dismissal is for lack of jurisdiction.

In Estate of Ming, the taxpayers moved this Court to allow them to withdraw their petition without prejudice in a deficiency proceeding, presumably so that they could refile their lawsuit in District Court and present the issues to a jury. We held that, in the light of section 7459(d), a taxpayer who petitions this Court under section 6213 for redetermination of a deficiency may not withdraw his petition in order to avoid the entry of a decision. Estate of Ming v.

Commissioner, 62 T.C. at 522-523.  Accordingly, we denied the taxpayers' motion to withdraw their petition without prejudice.

In Wagner, we found our holding in Estate of Ming to be inapplicable and held that the taxpayers could dismiss (i.e., withdraw) their petition filed pursuant to sections 6320(c) and 6330(d) for review of a notice of determination approving a notice of Federal tax lien placed on their property.  In so holding we observed:

> Section 7459(d) applies specifically to a petition that is filed for a redetermination of a deficiency and makes no mention of a petition that is filed under section 6320(c) to review a collection action. Section 6320 was added to the Code as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, and that act made no amendment to section 7459(d) * * * .  Nor do we know of any provision in the Code that would require us, upon dismissal of a collection action filed under section 6320(c), to enter a decision for the Commissioner consistent with the underlying notice of determination. * * *

Wagner v. Commissioner, 118 T.C. at 332.  We also noted that dismissal of the taxpayers' petition was supported by rule 41(a)(2) of the Federal Rules of Civil Procedure, which allows for dismissal of a plaintiff's action after the defendant has served a motion for summary judgment, in the sound discretion of the court.[3] Id. at 332-333.  We properly looked to that rule (and caselaw interpreting that rule)

_____

[3]The taxpayers in Wagner v. Commissioner, 118 T.C. 330, 330-331 (2002), moved the Court to dismiss their case without prejudice after having been served with the Commissioner's answer and the Commissioner's motion for summary judgment.

for additional guidance because there was no controlling Tax Court Rule, see Rule 1(b); Wagner v. Commissioner, 118 T.C. at 332-333, and in doing so, we acknowledged that a court should grant dismissal under rule 41(a)(2) "unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result", Wagner v. Commissioner, 118 T.C. at 333 (quoting McCants v. Ford Motor Co., 781 F.2d 855, 856-857 (11th Cir. 1986)). We concluded, after weighing the relevant equities, that the Commissioner would suffer no clear legal prejudice "in maintaining the subject collection action against petitioners as if the instant proceeding had never been commenced." Id. at 334.

More recently this Court extended the principles of Wagner to two other types of nondeficiency cases--to cases brought under section 7623(b)(4) to review the Commissioner's determination denying a claim for a whistleblower award, see Jacobson v. Commissioner, 148 T.C. ___ (Feb. 8, 2017), and to "stand alone" cases brought under section 6015(e)(1) to review the Commissioner's final determination denying relief from joint and several liability, see Davidson v. Commissioner, 144 T.C. 273 (2015).[4]  Accordingly, the Court in those cases and

---

[4]In Davidson v. Commissioner, 144 T.C. 273 (2015), we also specifically distinguished Ventrano v. Commissioner, 116 T.C. 272, 280 (2001), because it was not a "stand alone" sec. 6015 case; the taxpayer in Ventrano invoked our jurisdiction to review her claim for sec. 6015 relief by raising that matter as an

(continued...)

pursuant to the principles found in rule 41(a)(2) of the Federal Rules of Civil Procedure decided to grant the taxpayers' motions to withdraw their petitions and have their cases dismissed.

Whether the principles of Estate of Ming or instead the principles of Wagner, Davidson, and Jacobson apply with equal force to transferee liability cases like the instant case is a question this Court has not previously answered. To do so, we must interpret the statute establishing the Commissioner's authority to assert transferee liability, section 6901. That section provides:

SEC. 6901. TRANSFERRED ASSETS.

(a) Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) Income, estate, and gift taxes.--

(A) Transferees.--The liability, at law or in equity, of a transferee of property--

(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes),

[4](...continued)
affirmative defense in a petition she timely filed for redetermination of a deficiency under sec. 6213.

(ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes), or

(iii) of a donor in the case of a tax imposed by chapter 12 (relating to gift taxes),

in respect of the tax imposed by subtitle A or B.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) Liability.--Any liability referred to in subsection (a) may be either as to the amount of tax shown on a return or as to any deficiency or underpayment of any tax.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(f) Suspension of Running of Period of Limitations.--The running of the period of limitations upon the assessment of the liability of a transferee or fiduciary shall, after the mailing to the transferee or fiduciary of the notice provided for in section 6212 (relating to income, estate, and gift taxes), be suspended for the period during which the Secretary is prohibited from making the assessment in respect of the liability of the transferee or fiduciary (and, in any event, if a proceeding in respect of the liability is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

In 1957 the Secretary promulgated final regulations under section 6901. See T.D. 6246, 1957-2 C.B. (Part 1) 876. These regulations (titled "Procedure in the case of transferred assets") currently appear in virtually the same form as section 301.6901-1(a) through (f), Proced. & Admin. Regs. Section 301.6901-1(a), Proced. & Admin. Regs., provides that regardless of the nature of a transferee's

liability under section 6901(a)(1) (i.e., whether it is for income, estate, or gift tax self-assessed by the taxpayer-transferor or a deficiency in income, estate, or gift tax determined by the Commissioner), it shall be "assessed" against the transferee "and paid and collected in the same manner and subject to the same provisions and limitations as in the case of <u>a deficiency in</u> the tax with respect to which such liability is incurred".[5]  Sec. 301.6901-1(a)(1), Proced. & Admin. Regs. (emphasis added).  Paragraph (a) of the regulation further provides that in the case of transferee liability for the income, estate or gift tax of the taxpayer-transferor, the Internal Revenue Code provisions made applicable by section 6901(a) include those relating to "the filing of a petition with the Tax Court of the United States and the filing of a petition for review of the Tax Court's decision."  Sec. 301.6901-1(a)(3)(iv), Proced. & Admin. Regs.

Contrary to petitioner's assertion, these statutory and regulatory provisions make clear that transferee liability cases like the instant case are akin not to collection actions under sections 6230(c) and 6330(d) but rather to deficiency

---

[5]Although transferee liability for tax not imposed by subtitle A or B of the Internal Revenue Code under sec. 6901(a)(2) is not an issue in this case, we note that the regulations use meaningfully different terms to specify the procedures for assessing and collecting liabilities under that section.  <u>See</u> sec. 301.6901-1(a)(2), Proced. & Admin. Regs. (specifically excluding the phrase "a deficiency in" relative to the above-quoted provision).

cases under section 6213 and should be treated procedurally by the Court in the same manner as deficiency cases. Indeed, historically this is what we have done. See Kellogg v. Commissioner, 88 T.C. 167, 175 (1987) (citing section 301.6901-1(a)(3), Proced. & Admin. Regs., and finding that (1) "pursuant to section 6213(a) a transferee may petition our Court for a redetermination of his transferee liability only after a notice of transferee liability authorized by section 6901 has been determined and is issued under the provisions of section 6212" and (2) "[a]s in the case of a notice of deficiency, the requisite content of a notice of transferee liability is not prescribed by statute or regulations"); Looper v. Commissioner, 73 T.C. 690, 692 n.3 (1980) ("Although sec. 6213(a) is couched in terms of notice of deficiency, sec. 6901(a) indicates that it applies to a notice of transferee liability as well."); Dillman v. Commissioner, 64 T.C. 797, 800 (1975) (finding that the effect of section 6901 "is to require the Commissioner, before assessing transferee liability for income tax, to issue to the transferee a notice of transferee liability just as he must mail to a taxpayer a notice of deficiency before assessing additional income tax"); see also Phillips v. Commissioner, 42 F.2d 177 (2d Cir. 1930) (finding that section 6901 evinces "a clear intention to give a transferee the same right as a taxpayer in respect to seeking a review of a proposed assessment by appeal to the Board of Tax Appeals and to * * * [this] court"), aff'g

15 B.T.A. 1218 (1929), aff'd, 283 U.S. 589 (1931).[6]  Accordingly, the principles

of Estate of Ming should apply with equal force to the instant transferee liability

case.

Petitioner's argument that Estate of Ming is distinguishable because the

taxpayers there sought a dismissal without prejudice whereas he is seeking a

dismissal with prejudice is unconvincing.  As we indicated in Estate of Ming, the

fact that the taxpayers denominated their motion a motion to dismiss without

prejudice was effectively meaningless because, pursuant to section 6512(a), the

"mere filing" of their valid petition in this Court vested this Court with exclusive

jurisdiction for the taxable years as to which the petition was filed and the

statutory period in which the taxpayers could have filed another petition in this

Court had expired.  Estate of Ming v. Commissioner, 62 T.C. at 522.  The same

can be said of this case; were we to dismiss petitioner's petition under any terms, it

would effectively be with prejudice.  Thus, we find no effective distinction

---

[6]Petitioner correctly acknowledges in his reply that sec. 6901 extends the
procedures under which income, estate, and gift taxes are "assessed, paid, and
collected" to a transferee's liability but errs by suggesting that the deficiency
procedures are not among these; on the contrary, the Internal Revenue Code places
the deficiency procedures squarely among those that the Commissioner must
follow in order to assess income, estate, and gift taxes.  See Dees v.
Commissioner, 148 T.C. ___, ___ (slip op. at 26) (Feb. 2, 2017) (Ashford, J.,
concurring).

between his motion to dismiss and the motion to dismiss we denied in Estate of Ming.

Finally, also ill-conceived is petitioner's contention that because we are not privy to the parties' comprehensive settlement and therefore cannot glean from the record the agreed amount of his transferee liability, we are relieved of having to enter an order and decision specifying the amount of the liability (as is provided in section 7459(d)). The amount of petitioner's liability, albeit as determined by respondent, is very clear from the record as it is stated in respondent's notice of liability, which is attached to petitioner's petition. Because the parties have apparently agreed on a different amount for which petitioner is liable, it is incumbent upon them to stipulate a decision reflecting that amount.

Accordingly, we hold that, in accordance with the principles of Estate of Ming and pursuant to section 6901(a), a petition seeking redetermination of transferee liability, just like a petition seeking redetermination of a deficiency, cannot be dismissed, with or without prejudice, without entry of a decision as to the amount of the liability. We therefore will deny petitioner's motion to dismiss and require the parties to submit a stipulated decision reflecting the terms of their settlement to the extent necessary to resolve this case.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.