T.C. Memo. 2018-3

UNITED STATES TAX COURT

VINCENT M. LORUSSO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21964-16L.                          Filed January 11, 2018.

Vincent M. Lorusso, pro se.

<u>Ardney J. Boland III</u>, <u>Christopher D. Davis</u>, and <u>Gerard Mackey</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1) of a determination by respondent to

[*2] proceed with collection of his unpaid Federal income tax for 2007.[1]

Respondent has moved for summary judgment under Rule 121, contending that his determination to sustain the proposed collection action was proper as a matter of law. Respondent also moved to impose a penalty against petitioner pursuant to section 6673(a)(1). Petitioner moved to dismiss the case, seeking to withdraw his petition. For the reasons stated below, we will deny respondent's motions and grant petitioner's motion.

## Background

The following facts are based on the parties' pleadings and motions, including the attached declaration and exhibits. See Rule 121(b). Petitioner resided in Pennsylvania when he filed his petition. He is a practicing attorney who specializes in criminal law.

In an effort to collect petitioner's unpaid Federal income tax for tax year 2007, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, seeking an installment agreement. A settlement officer (SO) responded to petitioner by letter, scheduling a CDP

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] hearing for August 10, 2016. In this letter the SO informed petitioner that, in order to qualify for collection alternatives, petitioner needed to submit the following financial information before the hearing: Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; a signed Federal income tax return for 2014; and proof that estimated tax payments were paid in full for the current year. Petitioner did not participate in the scheduled CDP hearing and did not submit any of the requested documentation.

Following the scheduled time for the CDP hearing, the SO sent petitioner a "last chance" letter stating that he would soon make a determination in the matter. In this letter, dated August 10, 2016, the SO allowed petitioner an additional 14 days to submit the requested financial information. Petitioner did not respond to the SO. On September 2, 2016, the SO issued a notice of determination to petitioner sustaining respondent's proposed collection action. Petitioner timely filed a petition with the Court challenging the notice of determination.

On April 26, 2017, respondent filed a motion for summary judgment and a motion to impose a penalty under section 6673, to which the Court directed petitioner to respond. Petitioner did not directly respond to respondent's motions. Instead, petitioner filed a motion to dismiss, to which respondent objected.

**[*4]**                                                    Discussion

I.     Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not to exceed $25,000 if the taxpayer takes a frivolous position in the proceeding or institutes the proceeding primarily for delay. Since 2015 petitioner has initiated four distinct cases with similar factual backgrounds. Two of these cases were decided in favor of respondent on his motions for summary judgment. The other two cases include the instant case and another pending case not presently before us; in both of these cases, respondent filed motions for summary judgment and petitioner filed motions to dismiss.

Petitioner's history of litigation with the Court may merit the imposition of a penalty under section 6673. However, respondent has not moved for such penalties against petitioner in the past, nor has the Court issued petitioner a warning regarding these penalties. Therefore, we decline to impose a section 6673 penalty against him at this time. Instead, we take this opportunity to caution petitioner that the Court may impose a penalty pursuant to section 6673(a)(1) if he returns to the Court and proceeds in a similar fashion in the future. See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

**[\*5] II.    Motion To Dismiss**

A taxpayer who files a petition asking the Tax Court to review a collection action may have the option to withdraw that petition. Wagner v. Commissioner, 118 T.C. 330, 332-334 (2002). However, in deciding whether to grant a motion to dismiss in the CDP context, we must also consider whether the nonmoving party "will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result" of the dismissal.[2] Id. at 333 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-857 (11th Cir. 1986)); see Fed. R. Civ. P. 41(a)(2). "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Wagner v. Commissioner, 118 T.C. at 333 (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). Thus, before ruling on such a motion, we must give the Commissioner the

_____

[2] In deciding that the taxpayers could withdraw their petition in a collection action in Wagner v. Commissioner, 118 T.C. 330, 332-333 (2002), we considered the Federal Rules of Civil Procedure, which we may consult when our Rules do not contain an applicable Rule. See Rule 1(b). The purpose of Fed. R. Civ. P. 41(a)(2), which requires court approval of a voluntary dismissal, is to protect the nonmovant from unfair treatment. Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). In deciding whether to grant a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), a court must exercise its broad equitable discretion to "weigh the relevant equities and do justice between the parties in each case". McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986); see also Wagner v. Commissioner, 118 T.C. at 333.

**[\*6]** opportunity to oppose the motion and show any prejudice that granting the motion might cause.  Vigon v. Commissioner, 149 T.C. __, __ n.3 (slip op. at 13) (July 24, 2017).

As noted above, respondent objects to the dismissal of petitioner's case. Respondent argues that he would be prejudiced by a dismissal because it would deprive him of the only opportunity to pursue a section 6673(a)(1) penalty against petitioner in this case.  However, we have already stated our intention to deny respondent's motion for a section 6673(a) penalty; therefore, we conclude that no prejudice will result to respondent in dismissing this case.  Thus, we will grant petitioner's motion to dismiss.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.[3]

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.

_____

[3] As we will grant petitioner's motion to dismiss, we will deny respondent's motion for summary judgment as moot.