156 T.C. No. 7

UNITED STATES TAX COURT

MAINSTAY BUSINESS SOLUTIONS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6510-18.                     Filed March 4, 2021.

P petitioned the Court pursuant to I.R.C. sec. 6404(h) to review
R's failure to abate interest.  P now moves the Court to allow it to
withdraw the petition and to dismiss the case.

<u>Held</u>:  The Court has discretion to allow P to withdraw the
petition because the petition did not invoke the Court's jurisdiction to
redetermine a deficiency.  <u>See</u> <u>Jacobson v. Commissioner</u>, 148 T.C.
68 (2017); <u>Davidson v. Commissioner</u>, 144 T.C. 273 (2015); <u>Wagner
v. Commissioner</u>, 118 T.C. 330 (2002).

<u>Held</u>, <u>further</u>, the Court will order the petition withdrawn and
the case dismissed.

Robert R. Rubin, Michael E. Chase, and Brian P. Bowen, for petitioner.

Mark Alexander Ericson, Edward T. Mitte, and Casey A. Lothamer, for respondent.

OPINION

KERRIGAN, Judge:  This case is before the Court regarding petitioner's pending motion to withdraw its petition, filed November 6, 2020.  Respondent does not oppose petitioner's motion.  Petitioner filed on April 4, 2018, its petition for review of the Secretary's failure to abate interest pursuant to section 6404(h).[1]

On August 2, 2017, petitioner filed with the Internal Revenue Service a separate Form 843, Claim for Refund and Request for Abatement, for each of the tax periods ending on the following dates:  June 30, September 30, and December 31, 2009; June 30, September 30, and December 31, 2010; and March 31 and June 30, 2011.

Most cases before this Court involve petitions to redetermine deficiencies pursuant to section 6213.  The Court has jurisdiction of abatement of interest

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

actions pursuant to section 6404(h). In deficiency cases, section 7459(d) requires that "a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary." In deficiency cases, a taxpayer may not withdraw a petition in order to avoid a decision. Estate of Ming v. Commissioner, 62 T.C. 519 (1974).

Over time Congress has expanded this Court's jurisdiction beyond the redetermination of deficiencies to include the review of collection actions pursuant to sections 6320 and 6330, innocent spouse determinations pursuant to section 6015, and whistleblower award determinations pursuant to section 7623(b)(4). In 1996 Congress granted the Tax Court jurisdiction through what is now designated section 6404(h) to determine whether the Secretary's failure to abate interest under section 6404 was an abuse of discretion. Taxpayer Bill of Rights 2, Pub. L. No. 104-168, sec. 302(a), 110 Stat. at 1457 (1996).

For the review of collection actions, determination of innocent spouse relief, and whistleblower award determinations, we have concluded that a petitioner is able to withdraw a petition. See Wagner v. Commissioner, 118 T.C. 330 (2002); Davidson v. Commissioner, 144 T.C. 273 (2015); Jacobson v. Commissioner, 148 T.C. 68 (2017). As we did in Wagner, Davidson, and Jacobson, we look to the Federal Rules of Civil Procedure (FRCP) for guidance because there is no Tax

Court Rule that controls.  See Rule 1(b), (d).  FRCP 41 allows a plaintiff to dismiss a civil action voluntarily without a court order if the plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or if the plaintiff files a stipulation of dismissal signed by all parties who have appeared.  See Fed. R. Civ. P. 41(a)(1)(A).  In all other circumstances a plaintiff is allowed to dismiss a civil action voluntarily only through a court order.  See id. subpara. (2).  A court has discretion to dismiss a case pursuant to FRCP 41(a)(2).  See Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002).  Consistent with our holdings in Wagner, Davidson, and Jacobson, which allowed the withdrawal of nondeficiency petitions, we have the authority to allow a petition to be withdrawn voluntarily in a case for review of the Secretary's failure to abate interest.

In making the determination whether a petition should be dismissed, we should consider whether the other party would lose any substantial right by the dismissal.  Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967).  We conclude that respondent is not prejudiced if we treat the instant proceeding as if it had never been commenced.  See Wagner v. Commissioner, 118 T.C. at 333-334 ("[T]he granting of a motion to dismiss without prejudice is treated as if the underlying lawsuit had never been filed.").  In the absence of any objection by

respondent, we will allow petitioner to withdraw its petition in accordance with FRCP 41(a)(2).  We will grant petitioner's motion to withdraw its petition and dismiss this case.

To reflect the foregoing,

An appropriate order of dismissal will be entered.