156 T.C. No. 11

UNITED STATES TAX COURT

ROBERT STEIN AND ELAINE STEIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22695-18.                    Filed June 17, 2021.

Ps petitioned this Court pursuant to I.R.C. sec. 7430(f)(2) for review of R's denial of an application for an award of administrative costs. Ps now move to dismiss the petition.

Held: The Court has discretion to grant Ps' motion to dismiss because the petition did not invoke the Court's jurisdiction to redetermine a deficiency under I.R.C. sec. 6213(a) and the Court thus is not required to enter a decision under I.R.C. sec. 7459(d) or any similar provision. See Mainstay Bus. Sols. v. Commissioner, 156 T.C. ___ (Mar. 4, 2021); Jacobson v. Commissioner, 148 T.C. 68 (2017); Davidson v. Commissioner, 144 T.C. 273 (2015); Wagner v. Commissioner, 118 T.C. 330 (2002).

Held, further, because R does not oppose Ps' motion and will not be prejudiced by dismissal, the motion will be granted.

**Served 06/17/21**

Richard Sam Lehman, for petitioners.

Alexander N. Martini and Lauren B. Epstein, for respondent.

OPINION

GALE, Judge: The petition in this case seeks review of respondent's decision denying petitioners' application for an award of reasonable administrative costs under section 7430(a)(1).[1] Petitioners resided in Florida when the petition was filed. After respondent filed his answer to the petition, petitioners filed a motion to voluntarily dismiss this case (motion), to which respondent does not object. We must now decide whether we have the authority to grant petitioners' motion without entering a decision.

Section 7430(a)(1) provides that a taxpayer who prevails in an administrative proceeding before the Internal Revenue Service (IRS) concerning "the determination, collection, or refund of any tax, interest, or penalty" may be entitled to an award of the reasonable costs incurred in connection with the administrative proceeding. The taxpayer may make a request for such an award by filing a written application with the IRS. See sec. 7430(b)(4); sec. 301.7430-2(c),

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Proced. & Admin. Regs. Pursuant to section 7430(f)(2), this Court has jurisdiction to review the IRS' decision granting or denying (in whole or in part) the taxpayer's application for an award, provided that the taxpayer files a timely petition for review of the decision.

The timely filing of a petition invoking our jurisdiction under section 7430(f)(2) commences an independent (or stand-alone) action for the recovery of administrative costs. See Gustafson v. Commissioner, 97 T.C. 85, 88 (1991). That is, our jurisdiction under section 7430(f)(2) is distinct from our jurisdiction under section 6213(a) over petitions for redetermination of deficiencies. Deficiency cases under section 6213(a) have historically made up the bulk of the cases before the Tax Court, see Davidson v. Commissioner, 144 T.C. 273, 274 (2015), and section 7459(d) provides that in such cases "a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary." A taxpayer consequently may not avoid entry of a decision in a deficiency case by moving to withdraw the petition. Estate of Ming v. Commissioner, 62 T.C. 519, 522-523 (1974).

In addition to our deficiency jurisdiction, however, Congress has granted this Court jurisdiction to review various IRS administrative determinations, including determinations concerning collection actions under sections 6320 and

6330, see secs. 6320(c), 6330(d)(1), determinations concerning "innocent spouse" relief from joint and several liability, see sec. 6015(e)(1), determinations concerning whistleblower awards, see sec. 7623(b)(4), and determinations concerning interest abatement, see sec. 6404(h)(1). We have previously granted motions to voluntarily dismiss or withdraw petitions invoking our jurisdiction to review each of those types of determinations. See Mainstay Bus. Sols. v. Commissioner, 156 T.C. ___, ___ (slip op. at 3-5) (Mar. 4, 2021) (section 6404(h)(1)); Jacobson v. Commissioner, 148 T.C. 68, 70-71 (2017) (section 7623(b)(4)); Davidson v. Commissioner, 144 T.C. at 278-279 (section 6015(e)(1)); Wagner v. Commissioner, 118 T.C. 330, 332-334 (2002) (sections 6320(c) and 6330(d)(1)). In those instances the petitions did not implicate our deficiency jurisdiction; consequently section 7459(d) did not mandate entry of decisions in the Commissioner's favor upon the dismissals.

Because there is no Rule that governs motions for voluntary dismissal, we look to the Federal Rules of Civil Procedure to guide our consideration of such motions. See Rule 1(b), (d); Wagner v. Commissioner, 118 T.C. at 332-333, 333 n.6. Under rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss a civil action without a court order either by filing a notice of dismissal before the opposing party serves an answer or a motion for summary

judgment or by filing a stipulation of dismissal signed by all parties who have appeared. Otherwise, a case may be dismissed at a plaintiff's request only by court order. See Fed. R. Civ. P. 41(a)(2). A court "enjoys broad discretion in determining whether to allow a voluntary dismissal" pursuant to rule 41(a)(2) of the Federal Rules of Civil Procedure, Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001), and such a dismissal should generally be granted "unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result", McCants v. Ford Motor Co., 781 F.2d 855, 856-857 (11th Cir. 1986) (emphasis omitted). When a court issues an order granting a voluntary dismissal, the dismissal is deemed to be without prejudice and the lawsuit is treated as if it had never been filed. See Pontenberg, 252 F.3d at 1255; Wagner v. Commissioner, 118 T.C. at 333-334.

The petition in this case does not invoke our deficiency jurisdiction. Section 7459(d) therefore does not apply, and we are aware of no similar provision that would require us to enter a decision upon dismissal of a stand-alone petition for recovery of administrative costs. Accordingly, consistent with our holdings in Mainstay, Jacobson, Davidson, and Wagner, we hold that we have discretion to grant a motion for voluntary dismissal of a stand-alone petition invoking our jurisdiction under section 7430(f)(2).

In exercising our discretion, we must determine whether the defendant (here, the Commissioner) would "lose any substantial right * * * [as a result of] the dismissal." See Wagner v. Commissioner, 118 T.C. at 333 (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)). To make that determination, we "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. (quoting McCants, 781 F.2d at 857). Because respondent does not object to our granting petitioners' motion, we conclude that he will not be prejudiced by dismissal.[2] We will accordingly grant the motion.

To reflect the foregoing,

An appropriate order of dismissal will be entered.

---

[2]We also note in this regard that the period for filing a petition for review of respondent's decision, which is dated September 21, 2018, appears to have expired (assuming the decision was sent to petitioners by certified or registered mail). See sec. 7430(f)(2) (providing that a petition for review must be filed before the 91st day after mailing of notice of a decision by certified or registered mail). Petitioners are therefore unlikely to have the option to pursue further litigation against respondent with respect to the administrative decision upon which this case is based.