# United States Tax Court

161 T.C. No. 1

JOSEPH E. ABE, DDS, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 20378-22R.                    Filed August 3, 2023.

————————

P established a retirement plan for its employees. R selected P's retirement plan for audit. R issued a determination letter revoking the plan's qualification. P petitioned the Court pursuant to I.R.C. § 7476 seeking a declaratory judgment. R timely filed an Answer. P moved to dismiss the case. R did not object to the Motion to Dismiss.

*Held*: The Court has discretion to grant motions for voluntary dismissal in nondeficiency cases filed pursuant to I.R.C. § 7476.

*Held, further*, the Court will dismiss the case.

————————

*Daniel W. Layton*, for petitioner.

*Edward T. Mitte*, for respondent.

2

## OPINION

FOLEY, *Judge*: The sole issue for decision is whether the Court, on petitioner's Motion, may dismiss a petition for declaratory judgment filed pursuant to section 7476.[1]

### *Background*

Petitioner, Joseph E. Abe, DDS, Inc., is a California corporation. Petitioner created the Joseph E. Abe, DDS, Inc., Retirement Plan (the plan) which became effective on July 1, 1982. On September 9, 1987, the Internal Revenue Service sent petitioner a favorable determination letter that informed petitioner that the plan met the requirements of section 401(a). On August 7, 2019, petitioner terminated the plan, effective January 1, 2019.

In a letter dated November 25, 2020, respondent notified petitioner that the plan was selected for audit. The audit initially covered 2018 and 2019 but was later extended to include 2012 through 2017. On October 27, 2021, respondent sent petitioner a Revenue Agent Report with the results of the audit and revoked the plan's qualification relating to 2012 through 2019. In a final revocation letter dated June 21, 2022, respondent informed petitioner that the plan did not meet the requirements of section 401(a).

On September 16, 2022, petitioner timely filed a Petition with the Court seeking a declaratory judgment pursuant to section 7476 that from 2012 through 2019 the plan was a qualified retirement plan. The Court, on November 17, 2022, filed respondent's timely Answer. On January 14, 2023, petitioner moved to dismiss the Petition. Respondent did not object to the Motion.

### *Discussion*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The Court primarily hears cases involving petitions to redetermine deficiencies. *See* § 6213; *Mainstay Bus. Sols. v. Commissioner*, 156 T.C. 98, 99 (2021). The Court also hears certain nondeficiency cases, including collection actions pursuant to

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

sections 6320 and 6330, innocent spouse determinations pursuant to section 6015, whistleblower award determinations pursuant to section 7623(b)(4), and interest abatement actions pursuant to section 6404(h). *Mainstay*, 156 T.C. at 99. In addition the Court's jurisdiction extends to reviewing the Commissioner's decisions regarding the initial or continuing qualification of a retirement plan. § 7476(a).

When the Court grants a motion to dismiss, unless the dismissal is for lack of jurisdiction, section 7459 requires the Court to sustain the Commissioner's determination set forth in the notice of deficiency. § 7459(d). This Court has held that taxpayers may not move to withdraw a petition in deficiency redetermination cases. *See Estate of Ming v. Commissioner*, 62 T.C. 519, 522–23 (1974) (holding section 7459(d) applies in cases filed pursuant to section 6213 and mandates an entry of decision in the Commissioner's favor).

In nondeficiency cases filed pursuant to Code sections other than section 6213, this Court has previously granted taxpayers' motions to dismiss or withdraw petitions. *See generally Stein v. Commissioner*, 156 T.C. 167 (2021) (administrative costs pursuant to section 7430(f)(2)); *Mainstay*, 156 T.C. at 100 (failure to abate interest pursuant to section 6404(h)); *Jacobson v. Commissioner*, 148 T.C. 68 (2017) (whistleblower awards pursuant to section 7623(b)(4)); *Davidson v. Commissioner*, 144 T.C. 273 (2015) (innocent spouse determinations pursuant to section 6015(e)); *Wagner v. Commissioner*, 118 T.C. 330 (2002) (collection actions pursuant to sections 6320(c) and 6330(d)). Section 6213 was not applicable to these nondeficiency cases and therefore section 7459(d) did not mandate entry of decisions in the Commissioner's favor upon the dismissals. *See, e.g.*, *Stein*, 156 T.C. at 169.

Because there is no Tax Court Rule on motions for voluntary dismissal, the Court may look to the Federal Rules of Civil Procedure (FRCP). *See* Rule 1(b). FRCP 41 permits plaintiffs to voluntarily dismiss a civil action without a court order by filing either (1) a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. FRCP 41(a)(1)(A). In all other circumstances, a court may dismiss a case "at the plaintiff's request only by court order, on terms that the court considers proper." FRCP 41(a)(2). The granting of a motion pursuant to FRCP 41(a)(2) is without prejudice, unless the Court orders otherwise. *Davidson*, 144 T.C. at 276; *Settles v. Commissioner*, 138 T.C. 372, 375 (2012). Accordingly, a voluntary dismissal is generally treated as if the action had never been filed. *See*

*Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959); *Wagner*, 118 T.C. at 333–34.

FRCP 41(a)(2) permits voluntary dismissal at a court's discretion, and the caselaw interpreting the provision provides that a court should grant such dismissal "unless the defendant will suffer clear legal prejudice." *Wagner*, 118 T.C. at 333 (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986)). In considering whether the nonmoving party would be prejudiced by the granting of a motion to voluntarily dismiss, the Court must "weigh the relevant equities and do justice between the parties in each case." *Id.* (quoting *McCants*, 781 F.2d at 857). Where the Commissioner does not object to the granting of a taxpayer's motion to dismiss, the Court has concluded that he will not be prejudiced. *See, e.g.*, *Stein*, 156 T.C. at 170; *Wagner*, 118 T.C. at 331, 333–34. The Court also considers whether the statutory period for filing a petition has expired and has granted motions to voluntarily dismiss where the period for filing had expired. *E.g.*, *Jacobson*, 148 T.C. at 70–71; *Wagner*, 118 T.C. at 333–34.

Consistent with our holdings in *Stein*, *Mainstay*, *Jacobson*, *Davidson*, and *Wagner*, we hold it is within the Court's discretion to grant motions for voluntary dismissal in nondeficiency cases filed pursuant to section 7476. Respondent does not object to the granting of petitioner's Motion, the statutory period for refiling a petition has expired, and we conclude he would not be prejudiced by the dismissal. Accordingly, we will grant the Motion and dismiss the case without prejudice.

*An order granting petitioner's Motion to Dismiss will be entered.*